[Crim. No. 3174.   First Dist., Div. Two.   Mar. 26, 1956.]

THE PEOPLE, Respondent, v. GEORGE VILLARICO, Appellant.

George Villarico, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Appellant was found guilty by a jury of two felonies as stated in an information in two counts, to wit robbery committed on March 18, 1955, armed with a deadly weapon on a certain Lum (Pen. Code, § 211) and assault with intent to commit robbery perpetrated on March 17, 1955, on a certain Romero. (Pen. Code, § 220.) His motion for a new trial was denied and he was sentenced to San Quentin, the two sentences to run concurrently. He appeals in propria persona from the judgment and from the order denying his motion for a new trial.

Appellant complains that he was not brought to trial within 60 days after the information was filed in contravention of section 1382, subdivision 2, of the Penal Code and article I, section 13 of the state Constitution, the filing of the information having occurred on April 11, 1955, and the trial having commenced on June 20th, 1955. However, the clerk's transcript shows that the trial was set for May 2, 1955, and thereupon continued "by consent" from May 2 to May 23 and from May 23 to June 20. ■ "The defendant's consent to the postponement of his trial is equivalent to a postponement on his application and is sufficient cause for the delay." (*In re Lopez*, 39 Cal.2d 118, 120 [245 P.2d 1].) ■ Moreover appellant did not move in the trial court for

dismissal on the ground of the delay and thereby waived the benefit of the provisions he now relies on. (*People* v. *Hawkins*, 127 Cal. 372, 374 [59 P. 697] ; *People* v. *Scott*, 74 Cal.App.2d 782, 784 [169 P.2d 970].) Appellant's contention that he refrained from protesting the delay because of intimidation by police officers is not based on anything contained in the record. ■ Facts outside the record, stated in briefs only, cannot be considered on appeal. (*People* v. *Croft*, 134 Cal. App.2d 800, 804 [286 P.2d 479].)

■ Appellant's contention that he was arrested on a complaint charging him with assault with intent to do bodily harm to Romero and other unclear grievances relating to illegality of the commitment are equally unsupported by the record and any such objection to the information was waived because not taken in the trial court by motion to set aside the information (Pen. Code, §§ 995, 996; *People* v. *Thompson*, 133 Cal.App.2d 4, 9 [284 P.2d 39].)

■ Double jeopardy, repeatedly urged by appellant is not involved in this case. Appellant was not twice tried or punished for the same offense, but for two separate offenses of the same class by one information in accordance with section 954 of the Penal Code. (See *People* v. *Finkel*, 94 Cal. App.2d 813, 817 [211 P.2d 888].)

Appellant's several grievances, as to alleged failure to prove the corpus delicti, conviction on perjured evidence known to be false, and misconduct of prosecution, court and jury have no specific basis and amount to no more than a contention that the evidence does not support the verdict and judgment. They are without merit.

The evidence showed the following: In the morning of March 18, 1955, shortly after 9 :30 a. m. two men separately entered Lum's shop and after they had busied themselves a few moments in the shop one, which Lum later identified as the defendant, drew a gun, said it was a stickup, and pushed Lum to the back room, where the other man tied him up. Defendant, who had gone back to the shop, where later the cash register proved to have been emptied, came back to Lum, searched him and took from $175 to $200 from his pockets, after which both men ran away. Lum pointed out a portrait of defendant in the police files as possibly the robber with the gun and at the trial positively identified him as such.

On March 17, 1955, Romero, who was having supper in the kitchen behind his store together with his wife, his daughter

and his son-in-law Mikroulis, heard the store bell ring. When Romero went there a man threatened him with a gun and said, "This is a stick-up." Romero pushed him and they struggled on the floor. Another man kicked Romero in the ribs. When the others from the kitchen came into the shop the man with the gun hit Romero two or three times over the head with it and both men backed out of the shop. Romero and Mikroulis followed them. Romero, who was wounded, had to give up soon. He could not identify his assailants. Mikroulis pursued the men further; the two went different ways. Mikroulis caught up with one of them, the defendant. The defendant refused to go back with him and ran off. Mikroulis the next day pointed out a portrait of defendant in the police files as very much like the man he followed and later he identified defendant positively in a police line-up and at the trial.

Defendant was arrested on March 25 in his home, a small apartment next to the garage in the basement of 518 Pennsylvania Avenue, San Francisco. At the time of the arrest police inspectors searched the apartment, the garage and defendant's car parked in front of the house, and found and seized rope and electric wire similar to that with which Lum had been bound. Both the rope and wire with which Lum had been bound and those found at the search were introduced in evidence and an expert testified as to their similarity and to the fact that examination of the ends showed that the two pieces of rope had once been one and also the pieces of wire.

Defendant denied all connection with the crimes and he and the woman with whom he was living at the apartment testified that at the time of both crimes he was at the apartment taking care of the woman who was not well and at any moment expected the birth of defendant's child, which in the afternoon of March 18 was born in a hospital where defendant brought her.

The above evidence proves all the elements of the two crimes with which defendant was charged and the fact that defendant was armed with a gun, a deadly weapon, caused the robbery perpetrated on Lum to be of the first degree (Pen. Code, § 211a; *People* v. *Rainey*, 125 Cal.App.2d 739, 741 [271 P.2d 144].) It is true that the testimony of Mikroulis proved only that defendant was one of the two men who attacked Romero, but even if he would have been the man who participated by kicking only, such would have con-

stituted an assault and from the statement of the other man the intent of both participants to rob clearly appeared. The credibility of the witnesses was for the jury. ▆ The alibi evidence caused a conflict only with the testimony of Mikroulis and Lum, who saw defendant at the scene of the crimes, and the resolution of the conflict by the jury against defendant cannot be disturbed on appeal (*People* v. *Mercer,* 103 Cal. App.2d 782, 791 [230 P.2d 4].)

Appellant contends, however, that part of the evidence was illegal, because obtained by a search of his home without a warrant and that because of the influence of the illegal evidence reversal must follow. (*People* v. *Berger,* 44 Cal.2d 459 [282 P.2d 509]; *People* v. *Tarantino,* 45 Cal.2d 590, 595 [290 P.2d 505].) A motion to have the evidence introduced stricken because it was taken during illegal search and seizure was made in the trial court and denied. Correctly so. ▆ A reasonable search without a warrant may be made as incident to a lawful arrest (*People* v. *Winston,* 46 Cal.2d 151, 161, 162 [293 P.2d 40]) and it is not important whether the search precedes or follows the arrest. (*People* v. *Simon,* 45 Cal.2d 645, 648 [290 P.2d 531]; *People* v. *Boyles,* 45 Cal.2d 652, 655 [290 P.2d 535].) Section 836, subdivision 3 of the Penal Code permits a peace-officer to arrest a person without a warrant "When a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it." ▆ The identification of defendant's portrait by two independent witnesses of the two similar felonies, even if not with certainty, prior to the arrest provided the required reasonable cause for believing that defendant was the robber. ▆ "Probable cause is a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true" (*People* v. *Brite,* 9 Cal.2d 666, 687 [72 P.2d 122]). ▆ Moreover, although no express permission of search was given neither the owner of the premises nor defendant or the woman present in his apartment, who all spoke to the police officers when the arrest and search were made, protested the search at any time during the action of the police officers, which circumstance may influence the reasonableness of the search. We hold that the search and the introduction of the wire and rope seized were not unlawful.

▆ Appellant also predicates prejudicial error on certain instructions given by the court as to assault with a deadly weapon and simple assault as lesser offenses included in the

charge of assault with intent to commit robbery. The instructions were correct. Appellant could have complained if they had not been given and therefore no possibility of conviction for the lesser offenses had been open to him. (*People* v. *Duncan,* 72 Cal.App.2d 423, 426 [164 P.2d 510].) That appellant was nevertheless found guilty of the higher offense cannot have been caused by the instructions complained of.

No separate grievances have been developed with respect to the denial of defendant's motion for a new trial.

Judgment and order affirmed.

Dooling, J., and Kaufman, J., concurred.