[Crim. No. 7468.   Second Dist., Div. Three.   Mar. 2, 1961.]

THE PEOPLE, Respondent, v. RONALD R. WHITE, Appellant.

Ronald R. White, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Ronald R. White appeals in propria persona from a judgment convicting him of one of two counts under an indictment charging that he did sell, furnish and

give away heroin. The second count of the indictment was dismissed when one of the witnesses for the People failed to appear. White was represented by counsel, in a nonjury trial. Upon the appeal he requested appointment of counsel. After examining the record and ascertaining that the appeal is devoid of merit, the application was denied; defendant was duly notified and was given time in which to file a brief; no brief has been filed.

There was evidence of the following facts. Officer John P. Jones of the Los Angeles Police Department, in company with one Peterson, encountered White on Broadway in Los Angeles; Peterson asked White if he could "score some stuff," meaning in the vernacular of narcotics users, the purchase of heroin; White said he could; he turned around, and the three walked down the street 10 or 15 feet behind a man and a woman, who were apparently Mexicans. Upon the request of White, Jones gave him a $10 bill. The five persons walked on; White overtook the Mexicans and the man took something out of his mouth and gave it to White; Jones, Peterson and White turned into a barroom; White gave Peterson a balloon; Peterson gave it to Jones. It was proved that it contained heroin. It was developed in the cross-examination of Officer Jones that he had been seeing Peterson several times a week for several months at the Police Administration Building; he did not know where Peterson lived and denied knowing where Peterson was at the time; after White handed the balloon to Peterson White said "I didn't burn you, man," meaning that he had brought back genuine heroin. After receiving the balloon Jones gave White $1.00. He testified that he was absolutely sure of his identification of White. Defendant, testifying in his own behalf, denied having ever seen Jones before the trial or having any transaction with him.

The appeal presents nothing but a conflict between the testimony of Officer Jones and that of the defendant. We find nothing whatever in the testimony of the officer which even faintly suggests that he was not telling the truth, or was mistaken in his identification of the defendant. A mere conflict in the evidence which involves only a question of the credibility of witnesses does not present a question of law to a reviewing court. There is no merit whatever in the appeal.

The judgment is affirmed.