[Crim. No. 7468. Second Dist., Div. Three. Jan. 13, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD R. WHITE, Defendant and Appellant.

John H. Marshall, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

DRUCKER, J. pro tem.*—Appellant was charged with two counts of selling heroin on March 15, 1960, and March 24, 1960, in violation of section 11501, Health and Safety Code. In a nonjury trial he was found guilty of the charge set forth in Count I. The remaining count was dismissed in the interest of justice. Probation was denied and the defendant was sentenced to the state penitentiary. An appeal by the defendant in propria persona resulted in an affirmance of the judgment. (*People* v. *White,* 189 Cal.App.2d 642 [11 Cal.Rptr. 470].) Pursuant to a petition for writ of habeas corpus the remittitur was recalled and the judgment vacated on the authority of *Douglas* v. *California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], and counsel was appointed to represent the defendant on his appeal from the judgment.

The facts of the case are set forth in *People* v. *White, supra,* The defendant now urges the sole ground in support of his appeal that he was denied the right to be confronted by the informant.

■ The defendant contends, without specification, that the prosecution unnecessarily delayed the trial. There is nothing in the record to support such claim. The indictment was returned on April 20, 1960. The defendant was arraigned on the indictment May 9, 1960, and his plea of not guilty was not entered until May 25, 1960. Although the arraignment was continued twice, the record does not show that the postponement was at the request of the People. The case was set for trial on July 18, 1960. At the request of the defendant the trial date was advanced to July 12, 1960, the previously appointed public defender was relieved and private counsel sub-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

stituted as counsel for the defendant. The trial date was reset for August 16, 1960, at the request of the defendant.

 Inasmuch as the record is destitute of statements as to the reasons for the delays in the arraignment process, it is presumed that the court acted at the request of the defendant in twice postponing the arraignment. (*People* v. *Lamb,* 133 Cal.App.2d 179, 186 [283 P.2d 727].) The filing of an indictment a little more than a month after the commission of an alleged offense, in and of itself, affords no ground for complaint in the absence of prejudicial circumstances. Furthermore, no objections to any purported delays were presented to the trial court, hence, the defendant is not entitled to raise this issue for the first time on appeal. (*People* v. *Villarico,* 140 Cal.App.2d 233 [295 P.2d 76].)

 There is nothing in the record to support the assertion of the defendant that he was denied the opportunity to seek out the informer. Upon cross-examination the undercover officer disclosed the name of the informer but did not know where he could be located. He first met the informer on February 26, 1960, and saw him about three times a week until the second week in April 1960, at the police administration building. He didn't know the informant's phone number, or where he lived. The record is devoid of any attempt upon the part of the defendant to locate the informer. No request was made for a continuance in order to enable him to do so. "Defendant cannot avoid the consequences of his failure to seek out the informer when he had the opportunity to do so, and likewise he cannot shift to the prosecution the burden of calling the informer as a witness for the defense." (*People* v. *Galvan,* 208 Cal.App.2d 443, 450 [25 Cal.Rptr. 128].)

The appellant concedes that the record does not show that the officer caused the witness to be unavailable at the time of trial, but claims that because the police officer deliberately knew nothing about the informer, he thereby placed the witness beyond the reach of the defendant at the time of trial. He seeks to apply the doctrine of *People* v. *Kiihoa,* 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673], which set aside the conviction because of the contrived and purposeful delay by the police in arresting the defendant so that the informer would be unavailable as a witness in behalf of the defendant. The reason for the rule in *Kiihoa, supra,* is not applicable to the facts of the instant case.

 In the absence of evidence to show that the People sought to suppress the testimony of the informer or bring

about his absence or disappearance, defendant cannot predicate error on the People's failure to produce him. (*People* v. *Brooks,* 234 Cal.App.2d 662, 678 [44 Cal.Rptr. 661]; *People* v. *Galvan,* 208 Cal.App.2d 443, 448 [25 Cal.Rptr. 128]; *People* v. *Sauceda,* 199 Cal.App.2d 47, 56 [18 Cal.Rptr. 452].)

Judgment affirmed.

Shinn, P. J., and Kaus, J., concurred.