[Crim. No. 10923.  Second Dist., Div. Three.  Jan. 13, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. SAMUEL LEE TAYLOR, Defendant and Appellant.

Erling J. Hovden, Public Defender, Kathryn J. McDonald, James L. McCormick and John M. Moore, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

DRUCKER, J. pro tem.*—Defendant appeals from the judgment and order denying his motion for new trial.

The grounds for the appeal are the same as those urged in *People* v. *Wilson, ante,* p. 358 [48 Cal.Rptr. 638] 2d Criminal No. 10827, decided this date.

This appeal is one of a series of cases in which extensive discovery proceedings (detailed in *People* v. *Wilson, supra*) were undertaken by the defense to learn the whereabouts of

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

one Samuel Kinsey, a participant-informant, and a material witness. There is no issue as to the sufficiency of the evidence. The appeal is predicated mainly on the grounds that the defendant was deprived of his constitutional rights to a speedy trial, a fair trial and due process of law.

Trial before a jury resulted in a verdict of guilty of violation of section 11501, Health and Safety Code. The evidence showed that Undercover Officer Williams and the informant Kinsey came upon the defendant on East Fifth Street. Kinsey asked the defendant "Has the man been around yet?" (has the supplier delivered to the street peddler) and the defendant replied: "Are you looking?" (are you seeking to buy narcotics?) Kinsey indicated he was. The defendant walked to the curb, picked up a balloon lying next to the curb, and handed it to Kinsey who in turn handed it to the officer. The officer gave Kinsey $10 and he gave the money to the defendant.

The forensic chemist testified that the balloon contained 1 grain of powder of which 15 to 20 percent was heroin. There are 15 4-10 grains in 1 gram, and one number 5 capsule averages a little more than 1 grain. There were about 150 to 200 purchases with which Officer Williams was connected during a period of two to four months. Most of the purchases were heroin in amounts ranging from one-half grain to about 5 grains, with a preponderant number around 1 grain. There was also evidence that the prevailing rate "on the street" was $10 for half a gram balloon.

The evidence that many purchases in amounts of 1 grain were made from many persons, on various occasions, for an amount approximately five times the prevailing rate "on the street" may, indeed, indicate very strange coincidences, nevertheless, they were matters addressed to the triers of fact as to the credibility of the undercover officer.

For the reasons set forth in *People* v. *Wilson, supra,* the judgment is affirmed. The order denying a motion for new trial not being appealable, the purported appeal therefrom is dismissed.

Shinn, P. J., and Kaus, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 9, 1966.