KINGSLEY, J.
 

 Defendants Sullivan and Brown were accused of robbery (Pen. Code, § 211) while Brown was armed with a deadly weapon (count 1). Brown was also accused of kidnaping for the purpose of robbery (Pen. Code, § 209) (count 2). A prior felony conviction (a violation of Pen. Code, § 487, subd. 2) was alleged against Brown and was admitted.
 

 After various procedural steps not now material, the case
 
 *230
 
 was tried before a jury, resulting in a verdict of guilty against both defendants on- the robbery count (with a finding that defendant Brown was armed at the time of the offense), and a verdict of
 
 not guilty on the
 
 kidnaping count. The proceedings against Sullivan were suspended and he was granted probation for 10 years, on condition that he serve one year in the county jail and pay a fine of $250; Brown, having made t'i motion for new trial, withdrew that motion, probation was denied and he was sentenced to state prison, his term to run concurrently with another sentence.
 

 Both defendants have appealed; we affirm both judgments.
 

 On February 1,
 
 1966,
 
 at
 
 4:15
 
 p.m., Robert Cable, a store manager for Safeway Stores, was ok-aying checks when he was handed a note by Brown, which read: 1 ‘Have that safe open in one second.” Brown had a revolver. Cable had noticed Brown a few seconds before standing -alongside the check okaying station.
 

 Cable opened the safe and Sullivan pulled the safe door open and pulled out a bag of coins. Brown asked Sullivan if he got cash and Sullivan said, “no.” Brown -asked Sullivan if he got “general” and Sullivan said “yes.” Sullivan removed $700 in quarters and began to leave the store. Brown told Cable, “go with me,” and after reaching the first check stand, Brown told Cable to go back. Cable saw Brown enter the driver’s side of a Cadillac that had a damaged right rear fender and bumper. Robert Beaver, a box boy at Safeway, noticed Brown and Sullivan in the store at the meat department, the produce department, and at the checkout stand buying a frozen chicken pie. His attention was drawn to the defendants because they had nothing in their hands or in a cart, and were standing -around. A few minutes later Mr. Beaver saw Sullivan walk past him with a Bank of America bag 'in his hand. Mr. Beaver became suspicious, followed Sullivan and observed him enter the passenger side of a black ’58 Cadillac with back right bumper damaged. Beaver saw Brown enter the other side of the car. Beaver then told Cable, the license number of the Cadillac!
 

 Shortly after the robbery, Mr. Cable identified defendant Sullivan’s picture from among a number of photographs shown to him by a police officer. The fact of this identification and the license number of the get-away ear were transmitted, through official police channels, to Officer Tinch, together with the additional information that defendant Sullivan .probably could be found at -a “card club” located at
 
 *231
 
 74th and San Pedro Streets. Officer Tineh went to that location and saw a black Cadillac, bearing the license number given to him as the number of the get-away car parked in the club’s parking lot. He entered the club, accosted Sullivan and escorted him outside. Once outside, the officer made a formal arrest, searched defendant, removed car keys from his pocket and, using the keys opened and searched the Cadillac. In the trunk of the car he found a bag containing 14 rolls of quarters valued at $140.
 

 Evidence from a bank official showed that Mr. Cable had previously been given a bag containing rolls of quarters valued at $700. The wrappings on the rolls of quarters found in the Cadillac appeared to be the same as those used by the bank to wrap the quarters delivered to Mr. Cable.
 

 Sullivan claimed he had loaned his car to another person on the afternoon in question; that the bank bag came into his possession 10 months ago; that he won the quarters playing blackjack and poker with a man named Junior and that he had only seen Brown occasionally at the club. Bruce Johns, an optometrist, testified in behalf of Brown saying that Brown had poor eyesight and that it would not be advisable for him to drive a vehicle but he would not be a hazard. Brown said he was in Bakersfield on the date in question, he was not in the Safeway market, and he can’t drive without glasses.
 

 Defendants contend; (1) that their arrest was without probable cause; (2) that the search of the car was not incidental to the arrest; and (3) that the evidence was insufficient to support the verdict.
 

 We hold that there was probable cause for the arrest of both defendants and the search of Sullivan and the vehicle. Mr. Cable positively identified defendant Sullivan from a photograph as being one of the men who robbed him. The sergeant made a verbal report of this to Lieutenant Sloan and, through official police channels, Officer Tineh was told that Sullivan had been identified as a suspect.
 

 Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertains a strong suspicion of the guilt of the accused.
 
 (Bompensiero
 
 v.
 
 Superior Court
 
 (1955) 44 Cal.2d 178, 183 [281 P.2d 250];
 
 People
 
 v.
 
 Allen
 
 (1961) 196 Cal.App.2d 655, 659-660 [16 Cal.Rptr. 869].) Where the victim of a felony relates the circumstances of the offense and identifies the perpetrator, an arrest by officers acting on this information is lawful.
 
 (Gorlack
 
 v.
 
 Ferrari
 
 (1960) 184 Cal.App.2d
 
 *232
 
 702, 709 [7 Cal.Rrptr. 699] ; see
 
 People
 
 v.
 
 Daily
 
 (1958) 157 Cal.App.2d 649 [321 P.2d 469].) The identification of defendant’s portrait by two witnesses, even if not with certainty, prior to the arrest, has been held to provide reasonable cause for believing defendant was the robber.
 
 (People
 
 v.
 
 Villarico
 
 (1956) 140 Cal.App.2d 233 [295 P.2d 76].) Police officers are entitled to rely on information from official sources where that information originates from a reliable source. (See
 
 People
 
 v.
 
 Estrada
 
 (1965) 234 Cal.App.2d 136 [44 Cal.Rptr. 165, 11 A.L.R.3d 130]; and
 
 People
 
 v.
 
 Schellin
 
 (1964) 227 Cal.App.2d 245 [38 Cal.Rptr. 593].)
 

 The search of the Cadillac was incidental to the lawful arrest of Sullivan. Clearly it was contemporaneous in time. It was, also, contemporaneous in location. Officer Tineh had been given the license number of the get-away car; he found that car parked at the place where Sullivan was playing cards; he could reasonably conclude that that car had been used by Sullivan in going to the card club; he could also conclude that it might contain evidence of the crime in which it had been used. The search, thus, was not exploratory in the sense of a mere hope that something could turn up; it was not a search of a vehicle totally disconnected with the arrestee at the time and place of his arrest. Had the officer arrested Sullivan in the car, or as he alighted from it, no possible question of validity could arise. We see no difference between the search here and that of other searches, contemporaneous in time, of places and objects in the immediate vicinity of the arrest and identified with the arrestee. The search here is on all fours with that sustained as lawful in
 
 People
 
 v.
 
 Daily, supra
 
 (1958) 157 Cal.App.2d 649, 653.
 

 It is also claimed that Brown’s arrest was illegal. The record is silent as to the manner of his arrest and no evidence was introduced against either defendant that appears to have been secured as the result of that arrest. Nor was any objection made in the trial court based on the manner of or cause for Brown’s arrest. Under these circumstances the point is not available on appeal.
 
 (People
 
 v.
 
 Clapper
 
 (1965) 233 Cal.App.2d 34 [43 Cal.Rptr. 105].)
 

 Defendants also claim that the evidence is insufficient to support the verdict. The rule is that unless the circumstances of the case and the conduct of the accused are such that on no hypothesis is there sufficient evidence to support the verdict, the. judgment will be affirmed.
 
 (People
 
 v.
 
 DeJean
 
 (1967) 249 Cal.App.2d 220 [57 Cal.Rptr. 211].)
 
 *233
 
 The appellate court must assume in favor of the verdict of the existence of every fact which the jury could have deduced from the evidence.
 
 (People
 
 v.
 
 Chavez
 
 (1966) 240 Cal.App.2d 248, 250-251 [49 Cal.Rptr. 425].) Here we have the positive identification of Brown and Sullivan by Mr. Cable and the identification by Mr. Beaver, the description of the ear, the presence of the incriminating evidence in the car Brown drove; the evidence is more than sufficient to support the verdict.
 

 The judgment is affirmed.
 

 Piles, P. J., and Jefferson, J., concurred.
 

 A petition for a rehearing was denied November 3, 1967, and the petition of appellant Brown for a hearing by the Supreme Court was denied December 13, 1967.