[Crim. No. 12772. Second Dist., Div. One. Feb. 9, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD ALVARADO, Defendant and Appellant.

Frederick Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was convicted of three counts of selling heroin (§ 11501, Health & Saf. Code); allegations of two prior felony convictions were found to be true. He appeals from the judgment.

To assist him in an extensive "buy" program in Los Angeles being conducted by the Los Angeles Police Department from July through December 1965, undercover Officer Limas used an informer named Joe. Joe, a narcotics user, was not employed by the police department, but was present at approximately 105 narcotic transactions, three of which constitute the within charges. The officer testified that he did not know Joe by any other name, did not serve any subpoena on him for his appearance at the trial or ask him to be a witness, does not know Joe's whereabouts, never told him to make himself unavailable for court or to disappear, and never heard any other officer tell him to hide or not appear.

On August 30, 1965, Joe and Officer Limas went to the Saddle Rock Cafe; Joe went in alone and in a few minutes came out with defendant. Officer Limas gave $10 to defendant who handed him a purple balloon containing heroin which he took from his mouth. The next day the officer, who was alone, met defendant at Third and Hill; he asked him if he had a "half" and defendant told him to go to the Saddle Rock Cafe restroom. In the restroom Officer Limas said he wanted a "half" and handed defendant a $10 bill; defendant asked if the $10 bill he gave him yesterday was good and the officer said it was; then defendant took a white balloon containing heroin from his mouth and gave it to the officer. On September 2, 1965, Officer Limas and Joe met defendant on West Third Street. Joe asked defendant if he had a "half"; defendant answered in the affirmative. The officer then asked defendant for a "half" and handed him a $10 bill; defendant gave Officer Limas an orange balloon containing heroin which he took from his mouth.

Defendant testified that he never met Officer Limas until after he was arrested; he did not know Joe and he could not recall where he was at any of the above times. For the defense, Chavez testified that Joe was also known as Carlos Moreno; and Jones testified that Moreno came back from Arizona two weeks before the trial but did not know where he was.

 Appellant argues that he was denied a fair trial because the prosecution was withheld until the informant was unavailable. He seeks to apply *People* v. *Kiihoa,* 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673], in which the court set aside the conviction because of the contrived and intentional delay by the police in arresting defendant so that the informer would be unavailable as a defense witness. The reason for the rule in *Kiihoa* does not here exist.

■ In the absence of evidence that the People or the police sought to suppress the testimony of the informer or bring about his absence or disappearance, defendant cannot predicate error on the People's failure to produce him. (*People* v. *White,* 239 Cal.App.2d 355, 357-358 [48 Cal.Rptr. 756]; *People* v. *Brooks,* 234 Cal.App.2d 662, 678 [44 Cal.Rptr. 661]; *People* v. *Galvan,* 208 Cal.App.2d 443, 448 [25 Cal.Rptr. 128]; *People* v. *Sauceda,* 199 Cal.App.2d 47, 56 [18 Cal.Rptr. 452].)

■ The evidence establishes that neither Officer Limas nor any other officer advised Joe to be unavailable as a witness, or knew his whereabouts but refused to produce him, or told the informer to hide out or not appear in court; and there is not the slightest suggestion that the arrest was delayed in order that the informant might disappear. While the testimony shows that the officer did not serve any subpoena on the informer for his appearance at the trial or ask him to be a witness, the prosecution is not required to call any particular witness or introduce all of the evidence relating to a charge so long as all material evidence bearing thereon is fairly presented in such a manner as to accord to the defendant a fair trial. (*People* v. *Kiihoa,* 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673]; *People* v. *Tuthill,* 31 Cal.2d 92, 98 [187 P.2d 16]; *People* v. *Wilson,* 239 Cal.App.2d 358, 366 [48 Cal.Rptr. 638]; *People* v. *Davis,* 238 Cal.App.2d 482, 484 [48 Cal.Rptr. 111].)

As to the delay in arresting defendant, the record shows that the information was filed on February 14, 1966, and that the last offense was committed on September 2, 1965. We know of no requirement that an accused be arrested at any specific time between the commission of the offense and the expiration of the time provided by the statute of limitations as to that particular crime. (*People* v. *Aguirre,* 181 Cal.App.2d 577, 578 [5 Cal.Rptr. 477]; *People* v. *Wilson,* 239 Cal.App.2d 358, 364 [48 Cal.Rptr. 638].) While an accused may under some circumstances be deprived of due process of law if the lapse of time between the commission of the offense and the filing of the accusation makes it difficult or impossible for him to adequately prepare his defense, time alone does not justify such a finding. ''The question is one of balancing the public interest and the rights of the defendant. Delays in arrest have been sanctioned in order to avoid alerting other potential offenders as long as the delay is not the result of an unlawful purpose and does not result in a deprivation of due process. (*People* v. *Castedy, supra* [194 Cal.App.2d 763] at page 769 (15 Cal.Rptr. 413).)'' (*People* v. *Wilson,* 239 Cal.App.2d 358,

365 [48 Cal.Rptr. 638].) Any claim that the delay in bringing the charges against defendant was intentional on the part of the People in order to cause the unavailability of the informer is without any evidentiary support (*People* v. *Givens,* 191 Cal. App.2d 834, 839 [13 Cal.Rptr. 157]); nor has appellant established that the delay deprived him of due process.

Defendant made the three sales to Officer Limas during a narcotic "buy" program conducted by undercover police officers in the Los Angeles area involving many purchases over a substantial period of time from sellers not previously known to the police; informers, although not necessarily employed by the police department, were used to ferret out peddlers. Joe, the informant herein, was present at more than 100 transactions. It is obvious that had Officer Limas arrested defendant on September 2, 1965, at the time of the third sale, he would have rendered useless his undercover status, destroyed the work of his informant, alerted other offenders and prevented further substantial police work. This kind of "buy" program has been approved by our courts as acceptable police practice; and the necessity for keeping the officer's identity secret for a reasonable period of time has been held to be a legitimate basis for delaying the arrest of the individual wrongdoer while the officer is continuing his investigations. (*People* v. *Wilson,* 239 Cal.App.2d 358, 365 [48 Cal.Rptr. 638]; *People* v. *Reed,* 239 Cal.App.2d 953, 954 [48 Cal.Rptr. 644]; *People* v. *Taylor,* 239 Cal.App.2d 367, 368 [48 Cal.Rptr. 644]; *People* v. *Gilmore,* 239 Cal.App.2d 125, 129 [48 Cal.Rptr. 449]; *People* v. *Davis,* 238 Cal.App.2d 482, 484 [48 Cal.Rptr. 111].) In *People* v. *Gilmore,* 239 Cal.App.2d 125 [48 Cal.Rptr. 449], the court, citing *Powell* v. *United States* (D.C. Cir. 1965) 352 F.2d 705, said at page 129: "The pros and cons were summarized by that court as follows: 'We think that an accused must show two things in order to invoke an exercise of our supervisory power because of alleged basic "unfairness," cf. *Ross* v. *United States, infra* note 6 [349 F.2d 210 (121 App.D.C. 233)], resulting from claimed delay in his arrest; that there was no legitimate reason for the delay, and that he was prejudiced by the delay. Appellant bears the burden of establishing his claim [*Nardone* v. *United States* (1939) 308 U.S. 338, 341 [84 L.Ed. 307, 311, 60 S.Ct. 266], *Wilson* v. *United States* (10th Cir. 1955) 218 F.2d 754, 757, *Lotto* v. *United States* (8th Cir. 1946) 157 F.2d 623, 626, and he has not met this burden in this case.' " Appellant has failed to establish his claim that there was no legitimate reason for the

delay in arresting him; to the contrary, the evidence demonstrates a valid basis for the delay while the official investigation continued. Further, while the informer disappeared, this is a risk to which the defendant was legitimately subjected "so long as the government does not affirmatively induce [his] disappearance." (*People* v. *Gilmore,* 239 Cal.App.2d 125, 133-134 [48 Cal.Rptr. 449].) Under the circumstances it cannot be said that there was an undue delay in making the arrest or that the delay was oppressive or that defendant was deprived of due process of law. (*People* v. *Wilson,* 239 Cal.App.2d 358, 365 [48 Cal.Rptr. 638].)

Whatever delay occurred in the trial of the cause was largely the result of defendant's own conduct. He requested and received numerous continuances which delayed the trial three months past the date on which it was originally set. Defendant entered his plea on February 10, 1966, and the trial was set for March 31, 1966; further continuances at the defendant's request delayed the trial until June 17, 1966. The cause was finally heard on June 21, 1966.

█ In an Addendum To The Opening Brief filed by appellant he contends that the arrest is invalid because at the trial the police refused to identify the informer who "is the proximate cause of the crime being committed." At no time did Officer Limas refuse to identify the informant. Without being questioned concerning the matter, the officer readily admitted that he was working with an "informer, Joe." He testified that Joe is a narcotics user and is not employed by the police department, he does not know Joe by any other name and does not know his whereabouts. The officer gave to defendant all of the information he had concerning the informer.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.