THE COURT.
A municipal court jury found defendant guilty of the misdemeanor of driving while under the influence of intoxicating liquor (Veh. Code, § 23102). On this appeal he contends:
1. There was an insufficiency of the evidence to warrant a finding of guilty by the jury;
2. That the extrajudicial statements made by the defendant were admitted into evidence without the establishment of a corpus delicti; and
3. That the court allowed the results of a blood test to be admitted in evidence even though the defendant was not offered a choice of chemical tests under Vehicle Code section 13353.
The settled statement on appeal indicates that' defendant was found seated in his automobile, which was located roughly in the center of a street, across both the east and westbound lanes at an angle. Defendant was seated in the driver’s seat clutching the steering wheel and' apparently unconscious. The engine of the vehicle was running and the headlights were on. No other persons were about. There was a strong odor of alcohol about the person of the defendant. Later at the police station a tape recording was made' of conversations with the defendant, a portion of which was played for the jury at the trial, but only for the limited purpose of letting the jury consider the quality of the defendant’s voice. During the proceedings at the police station defendant was asked to take a blood test, to which he consented. He was not informed of any option to take any other type of test, Defendant apparently does not contest the fact that he was intoxicated but contends that the evidence was insufficient to establish that he was driving on a public highway in such condition; and, further contends that inasmuch as he was not offered a choice of tests the results of the blood examination should not have been received.
1. The sufficiency of the evidence.
The question as to whether defendant drove the vehicle is' a question of fact for the jury (People v. Quarles, 123 Cal.App.2d 1 [266 P.2d 68]). On appeal the judgment will be affirmed “unless the circumstances . . . are such that on no *972 hypothesis is there sufficient evidence to support the verdict. . . . people v. Sullivan, 255 Cal.App.2d 232, 236 [62 Cal.Rptr. 887]). An appellate court will assume every fact and inference which the trier of fact could reasonably have deduced from the evidence (People v. Powell, 187 Cal.App.2d 709, 712 [10 Cal.Rptr. 116]). Similarly, “On appeal the evidence and inference must be viewed in a light most favorable to the respondent. ... To warrant reversal, it must be made clearly to appear that, on no hypothesis, is there sufficient substantial evidence to support the conclusion of the lower court.” (People v. Moseley, 240 Cal.App.2d 859, 863 [50 Cal.Rptr. 67], citing eases.)
Prom the brief facts set forth above and the authorities stated, we conclude that there was ample evidence from which the jury could have inferred that the defendant had been driving his vehicle on the public highway at a time when he was intoxicated. Prom the combination of circumstances— defendant’s sitting in a vehicle in the center of the street—• behind the wheel—engine running—lights on, it can be inferred that defendant must have placed himself in such position, and that he accomplished this by driving the car to the place at which he was found. Defendant suggests various possibilities, such as a friend driving the car to the place where found and the defendant thereafter replacing him, but unable to drive further. He also suggests the possibility that defendant had been visiting in the area, had too much to drink, got into the car intending to drive but was unable to go further. It seems unlikely that in either situation the ear would have been left parked in the middle of the street, straddling the traffic lanes and facing generally at right angles to the street. Suffice it to say that the jury apparently discarded these possibilities as being unreasonable and adopted the more likely deduction that defendant had driven himself to the area and was then unable to continue.
2. Corpus delicti.
Although it is true that the corpus delicti must be established by evidence other than the declarations or statements of the defendant, it is equally well established that the corpus may be proved by circumstantial evidence and by inferences reasonably drawn therefrom (People v. Mehaffey, 32 Cal.2d 535, 545 [197 P.2d 12]). Similarly the prosecution is not required to establish the corpus delicti by proof as clear and convincing as is necessary to establish the fact of guilt, *973 and rather slight or prima facie proof is sufficient for such purpose (People v. Mehaffey, supra, at p. 545).
In the instant case it apears that the portion of the recording which was heard by the jury was received only to demonstrate the quality of defendant’s voice. Such use is proper (People v. Young, 224 Cal.App.2d 420, 424 [36 Cal.Rptr. 672]). Although it appears that the statements made by defendant contained no admissions or confessions regarding the crime charged, even if such had been included the evidence heretofore set forth was clearly sufficient to establish the corpus.
3. The failure to advise defendant of the options provided under Vehicle Code section 13353.
Defendant contends that the failure of the arresting officer to advise him of a choice of chemical tests “deprives the defendant of his statutory rights” and that accordingly the results of the test should not have been received in evidence. Although not specifically mentioned in the briefs, it would appear that the broader question as to whether any of defendant ’s constitutional rights were violated is also in issue.
Vehicle Code section 13353 provides in part: “(a) Any person who drives a motor vehicle upon a highway shall be deemed to have given his consent to a chemical test of his blood, breath or urine for the purpose of determining the alcoholic content of his blood, . . . Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of six months.
“The person arrested shall have the choice of whether the test shall be of his blood, breath or urine.' ’
“(b) If any such person refuses the officer’s request to submit to a chemical test, the department . . . shall suspend his privilege to operate a motor vehicle for a period of six months. ...”
No case directly involving the problem herein presented has been cited and none has been discovered by the court.
It should be noted that section 13353 of the Vehicle Code is to be found in division 6 (Drivers’ Licenses), chapter 2 (Suspension or Revocation of Licenses), article 3 (Suspension and Revocation by Department). Article 2 (Suspension or Revocation by Court) contains those provisions under which a court may suspend a license or order that the department shall revoke the privilege of a person to operate a motor vehi *974 ele, and includes section 13201 subdivision (a), “Driving while under the influence of intoxicating liquor under Section 23102.” Section 13353 (known as the “Implied Consent” law) pertains exclusively to the right of the department to suspend the privilege to operate a vehicle when a person has refused to submit to any of the three tests specified after having been duly informed of his choice of tests. The procedure therein provided may be pursued by the department regardless of whether such person is prosecuted criminally and regardless of the outcome of such prosecution, if any. From a statutory standpoint we find nothing contained in section 13353 which requires that in a prosecution for violation of section 23102 a defendant must have been informed of the three types of chemical tests therein referred to. We are here not concerned with a situation wherein a defendant may have been refused an opportunity to perfect evidence necessary to his defense by having a test of his choice made (In re Newbern, 55 Cal.2d 500 [11 Cal.Rptr. 547, 360 P.2d 43]). The settled statement indicates that defendant voluntarily consented to the blood test and made no request for any other test.
If it had been intended by the Legislature that every defendant prosecuted under section 23102 should be informed by the arresting officer of a choice of tests in order for evidence pertaining to any test to be received in evidence, such could have easily been provided by amendment to such section. We see no connecting link between the provisions of section 13353 and section 23102. Nor was the officer under any affirmative duty to suggest even the taking of the blood test. Had he chosen merely to administer the traditional “field” tests (balance, walking, etc.) it would then have been a question for the trier of fact as to the weight to be given the officer’s opinion based on such physical tests. However, it could not be successfully contended that the results of such tests should be excluded for failure to enumerate the choices under section 13353.
Although the question of due process was not raised by defendant, we feel it proper to comment briefly on such issue.
In Schmerber v. California, 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826] the United States Supreme Court held that the report of the chemical analysis of defendant’s blood was properly admitted in evidence over the defendant’s objection that such violated his right to due process of law under the Fourteenth Amendment. The court rejected this argument, *975 even though the blood had been drawn despite defendant’s refusal, on the advice of his counsel, to consent to the test. The court further rejected defendant’s objections based on alleged self-incrimination, denial of right to counsel, and unlawful search and seizure. In finding that there was no violation of due process the court reaffirmed its decision in Breithaupt v. Abram, 352 U.S. 432 [1 L.Ed.2d 448, 77 S.Ct. 408] in which case blood was withdrawn from an unconscious driver, hence without his consent, but in a medically acceptable manner. In a footnote to Schmerber, the court points out that it would be a different case if the police refused to respect a reasonable request to undergo a different form of testing. As indicated earlier, this problem is not here present.
In People v. Sudduth, 65 Cal.2d 543 [55 Cal.Rptr. 393, 421 P.2d 401], defendant refused to take a breathalyzer test. The court, in holding that such refusal could be commented on by the prosecution, stated at page 546 : ‘ ‘ Suspects have no constitutional right to refuse a test designed to produce physical evidence in the form of a breath sample . . . whether or not counsel is present. ...”
In commenting on Schmerber the court further stated: . . the blood alcohol test and the breath test for alcoholic absorption are alternate means for determining the percentage of alcohol in the blood. The value of such objective scientific data of intoxication to supplement the fallible observations by humans of behavior seemingly symptomatic of intoxication cannot be disputed. ’ ’
We feel that the instant case, wherein defendant gave his consent to the offered test, falls well within the guidelines established by Breithaupt and Schmerber, and that there was no lack of due process by the officer’s failure to advise of the three tests referred to in section 13353.
Schmerber was decided in June 1966, and clearly stated the court’s opinion with regard to the admissibility of blood tests, whether taken with or without the consent of the defendant (so long as certain guidelines were followed). We conclude that the subsequent adoption of Vehicle Code section 13353 (effective October 1966) added nothing to the admissibility or inadmissibility of such evidence in a criminal prosecution for driving under the influence of intoxicating liquor, and made no change insofar as the question of due process in a criminal prosecution is concerned.
Judgment of conviction affirmed.