[Civ. No. 34304. Second Dist., Div. Four. Mar. 19, 1970.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BRUCE ALLEN LEWIS, Real Party in Interest.

[Crim. No. 16869. Second Dist., Div. Four. Mar. 19, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
BRUCE ALLEN LEWIS, Defendant and Respondent.

(Consolidated Cases.)

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Petitioner and for Plaintiff and Appellant.

No appearance for Respondent.

Richard S. Buckley, Public Defender, James L. McCormick, Seymour Weisberg and John D. McGuire, Deputy Public Defenders, for Real Party in Interest and for Defendant and Respondent.

## OPINION

JEFFERSON, J.—Defendant was charged in two counts with selling marijuana (Health & Saf. Code, § 11531.) It was alleged that the sales were made on November 8, 1967, and on December 12, 1967. A complaint was issued on May 26, 1968, and defendant was arrested on June 14, 1968. At the preliminary hearing defendant made a motion to dismiss on the ground that there was an unreasonable delay in the prosecution of the case. The motion was denied without prejudice. Defendant renewed the motion in the trial court prior to the trial. After a hearing held on January 24, 1969, at which testimony was taken and the court pursuant to stipulation was permitted to read and consider the transcript of the testimony given at the preliminary hearing, the court granted the motion to dismiss.

The reporter's transcript of the hearing reflects that, when the court announced its ruling with the statement "the motion is granted," the deputy district attorney interjected, "The 1538.5 motion is granted?"; that the court then stated, "It is granted." The minutes of the clerk state that the motion was made "under section 1538.5 Penal Code for want of speedy trial"; that the court granted it, "Evidence herein, having been suppressed under Section 1538.5 Penal Code, case dismissed on Court's motion."

The district attorney thereafter filed with this court a petition for a writ of mandate, allegedly under Penal Code, section 1538.5, to require the superior court to annul its ruling (of Jan. 24, 1969) suppressing evidence against defendant. In addition, the district attorney noticed an appeal from the dismissal pursuant to Penal Code, section 1238, subdivisions 7 and 8. This court thereafter made an order that the petition would be heard concurrently with the appeal from the order of dismissal.

■ The proceeding in mandamus must be dismissed. An examination of the reporter's transcript of the proceedings conclusively shows, as the parties both apparently concede, that no motion under section 1538.5 to suppress evidence illegally seized was ever made; nor was any order made suppressing evidence. No search and seizure issue was involved. The deputy district attorney mistakenly referred to the motion as a 1538.5 motion and the clerk mistakenly entered it as such.

■ Defendant asked for and was granted a dismissal of the action on the ground that there was an unreasonable delay in the prosecution. The dismissal was under the provisions of Penal Code, section 1385, which in pertinent part provides: "The court may . . . of its own motion, . . . and in furtherance of justice, order an action to be dismissed. . . ."

■ In 1968 the Legislature amended Penal Code, section 1238 by adding subdivision 8, which provides that an appeal may be taken by the People, "From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy." Under subdivision 8, the People are entitled to prosecute this appeal.[1]

■ Defendant argues that the appeal should nevertheless be dismissed because subdivision 8, as applied in this case, is in conflict with his constitutional right to a speedy trial "insofar as it purports to give the People a right to further delay by appeal a trial judicially determined to be too long delayed." Defendant's position, carried to its logical conclusion, is that no appellate review should be accorded to the People on any case dismissed for delay in prosecution or denial of speedy trial rights, because of the time consumed in the process of such appeals. We conclude that no constitutional right of defendant was violated by permitting the People the right to an appeal under the provisions of subdivision 8. Defendant's argument should properly be directed to the Legislature.

---

[1]The notice of appeal states that the appeal is under section 1238, subdivisions 7 and 8. Subdivision 7 relates to appeals from dismissals following section 1538.5 motions to suppress. Since no motion to suppress was involved here, we treat the appeal as an appeal under subdivision 8.

■    With the procedural problems out of the way, we now turn to the merits of the appeal.

The court below had before it the following evidence: On December 1, 1967, William Saraf was sworn in as a police officer on the Pasadena Police Department. For about a month prior to that time he was working for the department in an unofficial capacity. From November 1967 until the latter part of May 1968, he participated in a "narcotic buy program." His first buy was from defendant. On November 8, 1967, he went to defendant's house at 535 Brookside Lane, Sierra Madre and purchased a bag from defendant which contained marijuana. On December 12, 1967 (after he had been officially sworn in as a police officer), he again went to defendant's house and defendant again sold him a bag containing marijuana.

On May 24, 1968, a complaint was filed against defendant and a warrant was issued for his arrest. Defendant was arrested on June 14, 1968, when he made a court appearance in another matter. Saraf's identity as an undercover officer was revealed for the first time when he appeared in court on another case about one week after May 24, 1968.

As to the extent of his participation in the undercover buy program, Saraf indicated that he had made purchases of narcotics from four persons.

Defendant testified that he was living at the 535 Brookside Lane address during the period from November 1967 to May 1968. He moved out of the house on May 1, 1968, leaving no forwarding address.

For the purpose of ruling on the motion to dismiss, the court considered only the delay occurring from the time of the offenses to the time the complaint was issued, that is to say, from November 8 and December 12, 1967, to May 24, 1968. The court in effect considered the three-week period between the issuance of the complaint and defendant's eventual arrest to be justified since defendant had moved from his residence without leaving a forwarding address. Thus, the period of delay under consideration was approximately five months from the time of the second alleged sale, and six months from time of the first sale.

No evidence whatsoever was presented which showed that defendant was in any way prejudiced by reason of the delay. In his final argument before the court made its ruling on the motion, the deputy district attorney called this fact to the attention of the court. Counsel said, "I don't think he [defense counsel] has said anything which indicates that this defendant has been injured in any way by November and December buys which result in a May filing." Whereupon the court, after stating that it did not "think much" of the buy program involved in this case, stated, "if you wait six months before you file, if you use one officer that long, you are waiting too long." The court then made its ruling dismissing the action.

In discussing a five and one-half month delay between the commission of an offense and the arrest of a defendant in an undercover narcotic buy situation, the court in *People* v. *Alvarado,* 258 Cal.App.2d 756, 759 [66 Cal.Rptr. 41], stated: "We know of no requirement that an accused be arrested at any specific time between the commission of the offense and the expiration of the time provided by the statute of limitations as to that particular crime. [Citations.] While an accused may under some circumstances be deprived of due process of law if the lapse of time between the commission of the offense and the filing of the accusation makes it difficult or impossible for him to adequately prepare his defense, time alone does not justify such a finding."

In *People* v. *Wright,* 2 Cal.App.3d 732 [82 Cal.Rptr. 859], the appellate court reversed the order of dismissal of the trial court which was made on the sole ground that there was an unreasonable delay of some five months between the time of the alleged offense and the time of the defendant's arrest. The order of dismissal was made by the same judge who made the order in the present case. Further, as in the present case, a Pasadena Police Department narcotic buy program was involved and the court made its ruling on January 22, 1969, two days before the court's ruling in the instant case.

In *Wright,* the appellate court concluded that the trial court improperly granted the motion "on the basis that the five-month delay was unreasonable as a matter of *law.*" (At p. 735.) Citing the language of *People* v. *Alvarado* quoted above, the court pointed out (at p. 736) that, "Whether the delay in defendant's arrest was unreasonable and prejudicial is a question of *fact,* and the lapse of a specific period of time will not in itself justify a finding that defendant was denied due process of law."

The court in *Wright* further observed that each case must be resolved by balancing the public interest on the one hand against the rights of the defendant on the other. The public, said the court, "has a substantial interest in keeping the officer's identity secret for a reasonable period of time while he continues his investigations. This public interest is a legitimate reason for delaying the arrest of an individual wrongdoer." (at p. 736); that, "This does not mean, however, that the public interest must always prevail. The accused has substantial rights which must be protected . . . [T]he delay . . . must not result in a deprivation of due process." (At p. 736.)

The court in the *Wright* case concluded that, in order for the defendant to support his claim of "basic unfairness" by reason of delay in prosecution, a showing must be made either (1) that there was no legitimate reason for the delay, or (2) that the delay was prejudicial to him. The court found

that, "Since the People have established a valid reason for delaying the arrest, and since defendant produced no evidence to show that he suffered prejudice thereby, the balance of interests must fall in favor of the People." (At p. 737.) We reach the same conclusion here.

The proceeding in mandamus is dismissed; the appeal from the order of dismissal is reversed.

Files, P. J., and Kingsley, J., concurred.

The petition of real party in interest in Civ. No. 34304 and defendant and respondent in Crim. No. 16869 for a hearing by the Supreme Court was denied May 15, 1970.