Filed 3/22/13  P. v. Phillips CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KARL PHILLIPS,<br><br>        Defendant and Appellant. | A136896<br><br>(City & County of San Francisco Super. Ct. No. 216220) |

Defendant Karl Phillips appeals his conviction for second degree robbery, based upon a guilty plea entered after the trial court had denied his motion to suppress evidence. His appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues. Defendant was informed of his right to file a supplemental brief, which he has not done. Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the judgment.

**Factual and Procedural History**

On July 28, 2011, the San Francisco District Attorney filed a first amended complaint alleging that defendant committed robbery in the second degree (Pen. Code, § 211),[1] and that he inflicted injury on a dependent adult likely to cause great bodily injury (§ 368, subd. (b)(1)). The complaint further alleged that defendant suffered a prior conviction for second degree robbery (§§ 667, subd. (d) & (e), 1170.12, subd. (b) & ( c)),

---

[1] All statutory references are to the Penal Code unless otherwise noted.

that the prior conviction was a serious felony (§ 667, sub. (a)(1)), and that it constituted a prison prior (§ 667.5, subd. (b)).

Pursuant to section 1538.5, defendant moved to suppress all defendant's statements, all physical evidence seized from defendant upon arrest, and all observations by police officers, including the identification of defendant. At the preliminary hearing, the victim, Jack Burns, was the only witness to testify. He testified that around 9:00 a.m. on June 5, 2011, he was walking on Willow Street when four men approached him, one of whom he identified as defendant. Defendant asked him, "Are you looking for a lady?" and Burns responded "yes." After accompanying defendant and the three other men to a store to purchase alcohol, the group walked further down Willow Street to a point at which defendant and the others pushed Burns onto the ground. Defendant then took his iPod, Diamondbacks hat, and iPhone. Defendant told Burns he had a knife and that Burns should not tell anyone what had occurred. The men searched through Burns' pockets before leaving. Burns identified himself in a still shot taken from a July 5 surveillance videotape which showed three people walking down Willow Street.

At the conclusion of the preliminary hearing, defense counsel requested a ruling on the motion to suppress evidence. The court responded, "there is nothing for me to suppress at this time," "that's not an issue before me" as there "are no statements that are being introduced. There is no physical evidence that is being introduced. And there are no observations by the police officers being introduced. The only evidence before me is the testimony of the victim who has identified the defendant in court." [2] The trial court held defendant to answer on all counts.

On April 11, 2012, defendant filed another motion to suppress, seeking to suppress the same evidence as in the earlier motion. Officer Kevin Coleman and Inspector Brian Danker were called as witnesses at the hearing on the motion. Officer Coleman testified that on June 25, 2011, he was with Officer Guiney and Officer Byrne when they saw

---

[2] The reporter's transcript indicates that the trial court never explicitly denied defendant's motion. However, the minute order states, "defense motion to suppress is denied."

defendant and another individual "walking in the middle of the roadway, committing a traffic violation." Guiney told Coleman that he recognized defendant as a robbery suspect. Based on the traffic violation, the officers detained defendant and his companion for five to ten minutes, but did not issue a citation. The three officers then went back to the station and watched the June 5 videotape that Guiney had previously seen that implicated defendant in a robbery. Coleman identified defendant and Burns in the surveillance video. Coleman also read Burns' statement about the incident, which was consistent with the videotape. Coleman concluded, based on "the initial report . . . the video and the time frame, [that he] had probable cause to believe that [defendant] was the suspect." Inspector Danker told the officers to arrest defendant the next time they saw him. Coleman saw defendant on July 4, 2011, and took him into custody without an arrest warrant.

Inspector Danker testified that the surveillance videotape was retrieved from Willow Street on the night in question. Danker showed Burns the video a week later and Burns identified himself and the individual who threatened him with a knife and took his property. Danker testified that defendant was the individual Burns identified in the video.

At the conclusion of the hearing, the court denied the motion to suppress. The court explained, "There is no absolute requirement of an arrest warrant in these situations. . . . [¶] And Officer Coleman testified that . . . he wasn't aware of this videotape [before June 25, 2011]. And of course, [June 25th] wasn't the time that [defendant] was arrested. He was merely detained, and . . . they did have a reasonable suspicion to detain" as defendant "was violating a citable offense. . . . [¶] But having his memory tweaked, Officer Guiney went back, took Officer Coleman and Byrne with him, had them view the videotape. They talked to Inspector Danker, apprised themselves of the evidence in the case, being the videotape, statement of the victim stating that the three men who were in the videotape and identified himself in the videotape were the three men who, in fact, had robbed him. [¶] That is enough for probable cause to arrest. And . . . there is no requirement [to obtain a warrant] as long as you have the probable cause, and the probable cause is there. [¶] So I am going to deny the motion to suppress."

Pursuant to a plea agreement, defendant entered a plea of guilty to one count of robbery in the second degree. The remaining counts and allegations were dismissed and it was agreed that imposition of sentence would be suspended. Subsequently, imposition of sentence was suspended and defendant was placed on three years of formal probation, subject to standard conditions, including 477 days in county jail with equal credit for time served. Defendant filed a timely notice of appeal.

**Discussion**

Since defendant's conviction rests on a guilty plea and no certificate of probable cause has been obtained in the trial court, the only issues subject to review are the denial of the motion to suppress and the propriety of rulings made after entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.308(b)(4).)

Defendant's detention on June 25, 2011, comported with constitutional standards. "In order to justify a detention 'the circumstances known or apparent to the officer must include specific and articulable facts causing him to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur, and (2) the person he intends to stop or detain is involved in that activity.' " (*People v. Aldridge* (1984) 35 Cal.3d 473, 478.) In this case, the suspected Vehicle Code violation provided reasonable suspicion to detain defendant.[3] (*People v. Brown* (1998) 62 Cal.App.4th 493, 496.) Officer Guiney also recognized defendant as a robbery suspect, further justifying defendant's detention. Defendant was detained for only five to ten minutes, the brevity of which "weighs heavily in favor of a finding of reasonableness."[4] (*People v. Glaser* (1995) 11 Cal.4th 354, 367, citing *United States v. Sharpe* (1985) 470 U.S. 675, 686-688 [20-minute investigative detention reasonable under circumstances].)

---

[3] Vehicle Code section 21950, subdivision (b) states in pertinent part: "No pedestrian may suddenly leave a curb or other place of safety and walk or run into the path of a vehicle."

[4] Defendant was searched during the detention. The search occurred after defendant disclosed that he was on parole at the time and, thus, was subject to a search condition. (*Samson v. California* (2006) 547 U.S. 843, 851-852.) The search produced no contraband.

4

Defendant's arrest was equally lawful. A police officer may arrest a person without a warrant when the officer has probable cause to believe that the person has committed a felony. (§ 836, subd. (a)(3).) Probable cause to arrest exists when " 'the facts known to the arresting officer would persuade someone of "reasonable caution" that the person to be arrested has committed a crime.' " (*People v. Thompson* (2006) 38 Cal.4th 811, 818.) An officer may have probable cause to arrest one whose picture has been identified by a crime victim. (*People v. Villarico* (1956) 140 Cal.App.2d 233, 238.) In this case, Burns identified defendant from the surveillance video as the individual who stole his property and threatened him with a knife. After watching the video, Officer Guiney recognized defendant during the traffic stop on June 25. Officer Coleman also identified defendant from the videotape. Coleman thus had ample basis to suspect defendant as the perpetrator of the June 5 robbery of Burns. (See *In re Brian A.* (1985) 173 Cal.App.3d 1168, 1174 [officers had probable cause to arrest defendants when their descriptions corresponded with descriptions given by the victim and broadcasted by the police].) Defendant therefore was lawfully arrested and subject to a search as incident to arrest. (*Chimel v. California* (1969) 395 U.S. 752; *People v. Flores* (1979) 100 Cal.App.3d 221, 230.) Assuming that anything had in fact been seized from defendant — itself questionable — it was not obtained unlawfully and was not subject to suppression.

Defendant was sentenced in accordance with his plea agreement. He was at all times represented by competent counsel. There are no issues warranting further briefing.

**Disposition**

The judgment is affirmed.

                               _____

                               Pollak, J.

We concur:

_____

McGuiness, P.J.

_____

Jenkins, J.