[Crim. No. 4804.   Second Dist., Div. Two.   Dec. 9, 1952.]

THE PEOPLE, Respondent, v. MORRIS LEVINE, Appellant.

Morris Levine, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

FOX, J.—In an information filed August 15, 1951, defendant was charged with violating section 11715 of the Health and Safety Code in three counts. In count I defendant was accused of such violation on or about June 4, 1945, in that he unlawfully issued a prescription bearing a forged and fictitious signature for a narcotic. It is further alleged that defendant was absent from and not an inhabitant of, nor usually a resident within, the State of California for the

period from July 1, 1945, to April 30, 1951. The information further charged defendant with conviction of a prior felony, to wit, counterfeiting, and that he served a term of imprisonment therefor in the federal prison. The other counts charge like offenses alleged to have been committed upon different dates. Defendant initially entered his plea of not guilty. Thereafter, by leave of court, defendant, with his counsel, withdrew his plea of not guilty and entered his plea of guilty as charged in count I. He admitted the prior conviction and also admitted being absent from the state, as alleged in the information. Defendant's application for probation was denied and the court sentenced him to the state prison.

On this appeal defendant makes two contentions: (1) that his plea of guilty was gained through extrinsic fraud and collusion, and (2) that the information filed against him shows that the statute of limitations barred his prosecution. There is no merit in either of these contentions.

■ Defendant asserts that he was induced to change his plea of not guilty to one of guilty, and to admit being out of the State of California as alleged in the information, by his attorney who was purportedly told by the trial judge that the judge would grant defendant probation if he would change his plea of not guilty to guilty. The record brought up on this appeal does not, however, disclose any factual foundation for defendant's claim of fraud and collusion. He did not make any showing to the trial court that he had been thus imposed upon. The trial court, therefore, had no opportunity to pass upon his charges; consequently, there is nothing before this court to review on that question. (*People* v. *Agnew,* 16 Cal. 2d 655, 660 [107 P.2d 601] ; *People* v. *Evans,* 102 Cal.App.2d 320, 321 [227 P.2d 461] ; *People* v. *Ruiz,* 103 Cal.App.2d 146, 149 [229 P.2d 73].)

■ It is true that a period of some six years and three months elapsed between the commission of the offenses and the filing of the information. It was, however, alleged and admitted by defendant (although from his brief he now appears to deny the fact) that he was absent from the State of California for approximately five years and ten months of that time. Under section 802 of the Penal Code such absence is deducted in figuring the period of limitation. It is thus clear that the statute of limitations had not run against the charge. (*People* v. *Newell,* 192 Cal. 659, 669 [221 P. 622] ;

618

*People* v. *Cheaney,* 111 Cal.App. 55, 58 [295 P. 84] ; *People* v. *McGill,* 10 Cal.App.2d 155, 158 [51 P.2d 433].)

Defendant purports to appeal from an order denying his motion for a new trial. The record, however, fails to disclose that any such motion or order was made. There is, consequently, nothing before this court in relation thereto for us to pass upon.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.