[Crim. No. 3112.   First Dist., Div. Two.   Aug. 3, 1955.]

THE   PEOPLE,   Respondent,   v.   CHARLES   WILLIAM
CROFT, Appellant.

Charles William Croft, in pro. per., and Louis S. Katz, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

NOURSE, P. J.—This is an appeal from an order denying defendant's petition for a writ of error *coram nobis*. The petition was made and the appeal briefed in propria persona. At appellant's request we appointed counsel to represent him at the oral argument. Counsel diligently urged that the facts of the case entitled appellant to relief under the rule of *People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657]. However, said argument cannot avail appellant in these proceedings as the facts on which it was based were not sufficiently alleged or proved in the first instance.

Appellant's petition, verified but not accompanied by any affidavit, and the clerk's transcript of his original prosecution show in substance the following:

In an information in two counts appellant and George D. Croft, Jr., were accused of (1) burglary, (2) assault with a deadly weapon with intent to commit murder, both committed in Contra Costa County on December 18, 1953, and connected in their commission. Appellant was arrested on that same date. On arraignment on February 18, 1954, both pleaded not guilty. At the trial on April 13, 1954, appellant withdrew his plea of not guilty of the burglary (count 1) and pleaded guilty to that offense. Upon motion of the district attorney count 2 of the information was amended to read "Assault with a deadly weapon," an included offense. Appellant then pleaded guilty to this count as amended after having withdrawn his plea of not guilty to the offense as originally charged. The matter was referred to the probation officer for investigation and in the meantime appellant remanded to custody. Upon motion of the district attorney the information as to George D. Croft, Jr., was dismissed. On April 26th, 1954, the court denied probation, found the burglary to be of

the first degree and on each count sentenced appellant to San Quentin, the sentences to run concurrently. Appellant was remanded to custody and the next day delivered to San Quentin.

In his petition he contends that his conviction and imprisonment violated the 1st, 4th, 5th, 6th, 8th and 14th Amendments of the United States Constitution, article 1, section 13 of the California Constitution and section 1382 of the California Penal Code in that he was deprived of his right to a jury trial within 60 days of all trial on the merits and possibility of defense, because he was induced to plead guilty by "wrongful persuasions" and "deceptions" of his attorney, "selling him out to the prosecution," and who "worked hand in hand" with it instead of defending him, which allegations are said to constitute extrinsic fraud (citing among other cases *People* v. *Butterfield,* 37 Cal.App.2d 140 [99 P.2d 310]), and because his attorney blundered through ignorance and mismanaged his defense. It is further stated that the writ of error *coram nobis* is his sole remedy because the lower courts had refused him the right to appeal: ". . . as the trial judge sentenced him, and rushed him back to the County jail . . . he immediately wrote out his written notice of appeal, addressed it in an envelope with the United States Postage thereon prepaid to the Superior Court and the trial Judge who had sentenced him, and they would not allow him to have his records on appeal . . . " (*People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868] is cited in this respect.)

Hearing of this motion was ordered for January 31, 1955, and the district attorney was given notice of said hearing by the county clerk but no notice to appellant appears. At the time set for the hearing the motion was denied without any further proceedings.

█ The denial without a hearing on the merits was justified because the petition did not state facts sufficient to form the basis for the issuance of the writ. The allegations of fraud, which do not state what acts or representations constituted the attorney's contended wrongful persuasion, deception, or collusion with the prosecution, are not sufficiently specific. In civil actions for fraud "It is a cardinal rule of pleading that fraud must be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud. It is not sufficient to allege it in general terms, or in terms which amount to mere conclusions." (*Hannon* v. *Madden,* 214 Cal. 251, 267 [5 P.2d 4].) █ The same rule must apply

*a fortiori* in an attack in *"coram nobis"* upon a judgment which has become final, in favor of which there are strong presumptions of regularity and where the court has the duty to scrutinize the defendant's claim with a critical eye. (*People* v. *Adamson,* 34 Cal.2d 320, 330 [210 P.2d 13].) The allegations of the petition in this case did not enable the court to decide for itself whether the conduct of the attorney, if proved, would amount to extrinsic fraud which vitiated defendant's guilty plea. Such will rarely be the case. ■ ■ Bad advice, persuasion, or even wilfully false statements of fact by an attorney selected by the defendant himself, will not suffice to vitiate the plea (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657]). That case notes an exception "if the representation of the private attorney presents a purported commitment by a responsible state officer which if actually made would vitiate the plea and if the acts or statements of such state officer, although innocently done or made, apparently corroborate the representation, are in good faith and without negligence relied upon by the defendant," but said exception could not be considered by the trial court in relation to this petition, as it did not allege any statement of the attorney as to such commitment, or any act of an officer apparently corroborating such statement on which defendant relied. Because of the above insufficiency of appellant's allegations we need not decide whether other remedies were available to him and his failure to exercise them justified the denial of his petition; or that such failure, if any, was excusable. The facts alleged do not bring this case under the rule of *People* v. *Slobodion, supra,* which case moreover does not relate to *"coram nobis"* but upholds an appeal belated because of negligence of prison authorities.

Appellant in his brief on appeal states additional facts outside the record and introduces several affidavits not shown to have been before the trial court, which tend to show that before appellant changed his plea to guilty his attorney told him that the deputy district attorney had proposed that all charges against his brother and codefendant would be dropped, the "with intent to kill" part of the assault count against appellant would also be dropped and appellant would be given probation and county jail if he pleaded guilty; that defendant asked the attorney to make sure that he was eligible for parole; that the attorney went back and allegedly conferred with the deputy district attorney in the judge's presence in his chambers in which conference the deputy district attorney al-

legedly concluded from a law book that appellant would be eligible for parole and that his attorney told appellant so and advised him to plead guilty, but that after he had done so he proved not to be so eligible as guilty of first degree burglary (Pen. Code, § 1203) and that his request to be allowed to change his plea was denied.

■ No facts outside the record and no affidavits which were not before the trial court can be considered on appeal. (*People* v. *Levine,* 114 Cal.App.2d 616, 617 [250 P.2d 645] ; *Estate of Tubbs,* 82 Cal.App.2d 305, 307 [186 P.2d 7] ; *People* v. *Agnew,* 16 Cal.2d 655, 660 [107 P.2d 601] ; *Solomon* v. *Solomon,* 118 Cal.App.2d 149, 152 [257 P.2d 760].)  ■ Statements in briefs are not part of the record on appeal (*Gantner* v. *Gantner,* 39 Cal.2d 272, 278 [246 P.2d 923]).  The above additional facts and affidavits can therefore not be considered by us.

Other points raised by appellant are so obviously without merit that they do not require express treatment.

The order is affirmed.

Dooling, J., and Kaufman, J., concurred.