[Crim. No. 2887.   Third Dist.   Apr. 8, 1959.]

THE PEOPLE, Respondent, v. ROBERT ANGELO
TORRES, JR., Appellant.

Burton T. Bost, under appointment by the District Court
of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Lloyd Hinkelman,
Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment of
the Humboldt County Superior Court, following a plea of
guilty to one count of a complaint, a dismissal of a second
count, and the certification of the cause to the superior court
for further proceedings.

Appellant had been represented in the justice's court by the
public defender and when he appeared in the superior court,
pursuant to the certificate, the public defender's appointment
was continued.  The court inquired if, as represented by the
record before it, the defendant's plea of guilty had been
entered in the justice's court and was assured by defendant's
counsel that the record was correct.  The matter was then
referred to the probation officer for a report and further pro-
ceedings were set for a later date.  On the date set, the follow-

ing occurred: "MR. MONETTE [counsel for Defendant]: ... At this time due to the following circumstances I wish to make a motion to have this referred back to the Justice Court for the purpose of changing his plea. The day before the preliminary was set I was called and notified by the County Detective that he wished to plead, and I said I advised him not to do that, to go ahead with the preliminary, but they said they were going to bring him down there, and 'You bring him down there,' and I said, 'Is there going to be any consideration for this,' and I was promised a consideration, which, according to the Probation Officer's report, according to Mr. Hammond [Humboldt County District Attorney], that I haven't received. In addition to that, before I ever looked at this Probation Officer's report I was contacted by the defendant and he said that now he had found his wits and that he had—he would follow my advice in the matter and desired to move this Court to refer the matter back to the Justice Court for change of plea, and I so make the motion. MR. HAMMOND: May it please your Honor, for the purpose of the record, I wish to state that this defendant was in the court at one time for the purpose of making a plea. At that time the Public Defender asked me if I would change that to 499b. [Penal Code.] I informed him at that time I would not, I would not consider it, and I walked out of court. He was returned then again on another day—I think it was a day subsequent, next day or the second day following—at which time this plea was entered. I made no representation to Mr. Torres or anybody else as to what the results would be. I have never made representations to anyone as to what the results would be if they pleaded to any particular charge. That's a matter and function that's solely the function of the Court, and I don't intend to infringe upon the jurisdiction of the Court. I wish to make that a matter of record, your Honor. MR. MONETTE: I wasn't referring to Mr. Hammond. He wasn't there when the man made his plea, and when he was brought back. Every man is entitled to his day in court, especially when—and we make that motion. THE COURT: The motion will be denied."

█ The sole contention on appeal is that the trial court erred in refusing to permit the withdrawal of appellant's plea of guilty. █ It is settled that an accused who seeks to set aside a plea of guilty must show good cause therefor and that the granting or denial of such an application rests in the sound discretion of the trial judge, whose decision will not be disturbed on appeal unless an abuse of that discretion is clearly

shown. (*People* v. *Ottenstror*, 127 Cal.App.2d 104, 109 [273 P.2d 289].) ▉ Appellant's motion to withdraw the plea of guilty was predicated on the sole statement of his counsel that the county detective promised appellant's counsel ''a consideration'' if appellant submitted a guilty plea. The alleged ''consideration'' was a promise by the county detective of a jail sentence in lieu of a prison term. Defense counsel asserted he was not charging that the promise was made by the district attorney or that the court had been contacted. Nothing more in the nature of evidence was advanced and the showing having been apparently completed, the trial court denied the motion upon the merits. The record treated most generously in favor of the appellant discloses no more than a situation where there is substantial support for the order of the trial court.

No cause appears for reversal of the judgment appealed from, and it is accordingly affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 3, 1959.

*Assigned by Chairman of Judicial Council.