[Crim. No. 3693.    First Dist., Div. One.    Sept. 15, 1960.]

THE PEOPLE, Respondent, v. LEONARD KELLY, Appellant.

Paul C. Maier, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

BRAY, P. J.—After plea of guilty to the crime of robbery stipulated to be first degree, defendant appeals from the judgment of conviction. He also moves this court to vacate the judgment and to permit him to withdraw his plea of guilty.

### QUESTIONS PRESENTED

1. Was defendant denied adequate representation by counsel?

2. Effect of district attorney's dismissal of the charge of being armed with a deadly weapon.

### RECORD

Defendant was charged with two counts of violation of section 211, Penal Code (robbery). Each count, in addition to the charge of robbery, contained the statement that at the time of the commission of the offense defendant was armed with a deadly weapon, to wit, a firearm capable of being concealed upon the person. Defendant pleaded not guilty to both counts. On the date set for trial defendant withdrew his not guilty pleas, pleaded guilty to the first count and stipulated that the degree of robbery was first degree. Thereupon the assistant district attorney moved to dismiss the second count and the allegation in the first count of being armed. According to the reporter's transcript the court did not act upon either motion. However, the clerk's record shows that the allegation and count 2 were dismissed. Defendant's motion for probation was later denied.

1. *Defendant Was Not Denied Adequate Representation by Counsel.*

Defendant concedes that because none of the facts upon which he claims inadequate representation were pre-

sented to the trial court he cannot raise the question on appeal. (See *People* v. *Croft*, 134 Cal.App.2d 800, 803 [286 P.2d 479] ; *People* v. *Agnew*, 16 Cal.2d 655, 660 [107 P.2d 601].)

Moreover, a "judgment entered on the plea of guilty is not appealable on the merits." (*Stephens* v. *Toomey* (1959), 51 Cal.2d 864, 870 [338 P.2d 182].) However, defendant contends that this question may be raised on his motion to vacate the judgment and to permit a withdrawal of his plea. Actually such motion is in the nature of a petition for writ of error *coram nobis* (see *People* v. *Rose*, 171 Cal.App.2d 171 [339 P.2d 954], and *People* v. *Parseghian*, 152 Cal.App.2d 1 [312 P.2d 81]), and we will so treat it.*

Defendant's affidavit on which he bases his motion alleges that on his appearance in the municipal court the judge thereof appointed Mr. Kennedy of the public defender's office to represent him, that after advising him to plead not guilty, defendant did not see Mr. Kennedy or anyone from the public defender's office until the preliminary hearing, at which time Mr. Kennedy represented him but held no conversation with him. Defendant talked to no one from the public defender's office until his first appearance in the superior court where he was represented by Mr. Dresow of that office. Mr. Dresow then stated that he would come to see defendant. No one from the public defender's office saw defendant until he appeared in court on the day to which the matter had been continued for plea. On that day defendant pleaded not guilty. (Defendant does not say whether or not he talked to Mr. Dresow. The record shows that Mr. Dresow appeared with him.) The case was set for trial for May 6. The next time he saw Mr. Dresow was the morning of the 6th at the county jail. "We talked for just a few minutes and discussed the possibility of pleading guilty to one count and having the other count dismissed and getting probation. Mr. Dresow said he would see what he could do." He then saw Mr. Dresow in court, who reported that "he could get the District Attorney to drop one charge if we pleaded guilty to the other charge. Mr. Dresow stated he thought he would try to get me probation on the charge and he thought that I would be able to get it." During the two months that defendant was in the San Francisco City Prison, he discussed his situation with "other prisoners and with jailors." "The other prison-

---

*At the hearing of the motion we denied it without prejudice to its being renewed on the hearing of the appeal. It was so renewed.

ers, particularly those I had reason to believe, because of their prior experiences in the criminal courts and who should have reason to know, told me I should plead guilty to at least one count because I would surely get probation.'' The jailors told him that he would get probation or 90 days in the county jail. Defendant was unfamiliar with criminal procedure, although having theretofore been arrested twice. He was released both times without trial. Defendant was much impressed by the statements made to him by other prisoners and the jailors. ''I wish to make it clear that I am not saying Mr. Dresow promised probation. What I am saying is that all the things which happened to me made me think and believe I would get probation.''

A second reason why defendant claims that he pleaded guilty was the fact that he did not have sufficient time to talk to his attorney about his case. He believes that had he been able to talk to his counsel more fully he would not have remained under the erroneous impression that he would receive probation; he would have requested the court to try the matter on its merits. Defendant believes he should not have been charged with the robbery contained in count 1, for the reason that at the preliminary hearing no evidence was introduced which showed any connection between that purported crime and him. It is rather interesting to note that at no time does defendant state that he was not guilty of the crime to which he pleaded guilty.

No counteraffidavit was filed. Taking defendant's affidavit at full value, it does not state any legal reason why he should be permitted to withdraw his plea of guilty. It clearly appears that his counsel in nowise misled defendant, and defendant does not claim that he did. Defendant was relying upon the advice of prisoners and jailors. It needs no citation of authority to show that a prisoner has no right to rely upon representations of fellow prisoners. Nor can he rely upon statements of jailors in this respect. They are not representatives of the court or the district attorney. See *People* v. *Torres* (1959), 169 Cal.App.2d 446 [337 P.2d 493], where it was held that the trial court properly refused to permit the defendant to withdraw a guilty plea entered by the defendant based upon a promise by the county detective that the defendant would receive only a county jail sentence.

Defendant's main contention is that he was deprived of adequate representation because his counsel did not discuss his case with him at length. Defendant does not claim that

his counsel declined to answer any questions that defendant may have put to him nor that defendant requested any further conferences. Apparently his counsel did not do too badly for defendant. He obtained a dismissal of the second felony count, and of the allegation of being armed, which if not dismissed would have stood in the way of an application for probation. There was nothing *"pro forma"* in counsel's representation of defendant. This is obviously a case in which defendant did not get the leniency he expected, which expectation was based primarily on reliance upon persons upon whom he had no right to rely. Even in a case where the defendant's counsel assures him of probation (and this is not such a case), such assurance alone is not sufficient to vitiate a plea of guilty. (*People* v. *Rose, supra,* 171 Cal.App.2d at p. 172; *In re Atchley,* 48 Cal.2d 408, 418 [310 P.2d 15] ; *People* v. *Butler,* 70 Cal.App.2d 553, 562 [161 P.2d 401].)

The situation in our case is in nowise comparable to that in *People* v. *Avilez* (1948), 86 Cal.App.2d 289 [194 P.2d 829], where, although the court and the district attorney knew that the defendant had retained counsel, who was unable to be present in court that day, the court insisted upon proceeding, appointed the public defender to represent the defendant and the public defender failed to advise with the defendant after being told by the defendant that he desired to plead guilty and thereupon the defendant pleaded guilty to 32 felony counts. Nor is there in our case any resemblance to the situation in *People* v. *Zammora* (1944), 66 Cal.App.2d 166 [152 P.2d 180], where because of the number of defendants and counsel and the limitations of the courtroom, the defendants were deprived of their right to confer with their counsel during the trial. ▮ " [A]n accused who seeks to set aside a plea of guilty must show good cause therefor. . . ." (*People* v. *Torres, supra,* 169 Cal.App.2d at p. 447.) Defendant has failed to do that.

2. *Effect of Dismissal of Allegation of Being Armed.*

▮ Defendant contends that, in any event, the judgment must be modified to reduce the conviction to that of robbery in the second degree. Such contention is based upon the following : Defendant pleaded guilty to count 1. The clerk then asked, "How about the degree and the armed? Miss AITKEN [assistant district attorney] : Your Honor, the record shows, and I think counsel will stipulate, that count 1 is a first degree robbery. MR. DRESOW: So stipulated. MISS AITKEN: And we would leave any allegation of armed—— MR.

DRESOW: Why don't you dismiss it? It would stop any probation. MISS AITKEN: Very well. After consultation, we will move to dismiss the allegation of being armed." Defendant moved for probation, which motion the district attorney did not contest.

It is well settled that the degree of the robbery need not be included in the charge, and that a charge of robbery without specifying the degree or the facts determining the degree is sufficient to sustain a conviction of robbery in the first degree. (*People* v. *Galvin* (1957), 148 Cal.App.2d 285, 294 [306 P.2d 575]; *People* v. *Pond,* 169 Cal.App.2d 547, 553 [337 P.2d 877].) Defendant pleaded guilty to the crime of robbery and then stipulated to the degree. The dismissal thereafter of the allegation of being armed in nowise changed the situation. The charge remaining was sufficient to cover first degree robbery and the stipulation as to the degree was in nowise changed.

Apparently the allegation of being armed was added to the information pursuant to section 969c, Penal Code, to make certain minimum and additional penalties applicable. Section 969c provides: "Whenever a defendant is armed with a firearm or other weapon under such circumstances as to bring said defendant within the operation of Section 3024 of the Penal Code relating to certain minimum penalties or of Section 12022 of the Penal Code [relating to certain additional penalties], the fact that the defendant was so armed *may* be charged in the accusatory pleading." (Emphasis added.) It is not mandatory to charge that a defendant was armed during the commission of the robbery. (*People* v. *Pond, supra,* 169 Cal.App.2d at p. 553.) In striking the allegation of armed robbery from the information, the district attorney was giving defendant a break in that thereby defendant was not subject to the minimum penalties prescribed in section 3024 and the additional penalties prescribed in section 12022. Such striking in nowise changed the degree of the crime to which defendant had already pleaded, nor was it any admission or concession that defendant was not armed at the time of the robbery.

The petition is denied and the judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.