Filed 6/22/16  P. v. Hallgren CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES L. HALLGREN,<br><br>    Defendant and Appellant. | D068467<br><br><br><br>(Super. Ct. No. SCN318141) |

APPEAL from an order of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed.

Nancy Susan Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Scott C. Taylor and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

Charles L. Hallgren appeals from an order of the superior court denying his petition to recall his felony sentence for second degree burglary and to resentence him to a misdemeanor pursuant to Penal Code section 1170.18, subdivision (a), which was enacted as part of Proposition 47.[1]  On appeal, Hallgren argues that "the trial court could have readily inferred" certain facts that he believes would have resulted in his eligibility for relief.  However, that is not the standard for establishing trial court error where, as here, the court denied relief on the basis that Hallgren did not meet *his* evidentiary burden of establishing eligibility for resentencing.  Accordingly, we will affirm the order.  The affirmance will be without prejudice, in the event Hallgren wants to file a new petition with evidentiary support for the initial showing he must make to be entitled to be eligible for relief under Proposition 47.

---

[1]     "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with . . . Section 459.5 . . . of the Penal Code, as th[at] section[] ha[s] been . . . added by this act."  (Pen. Code, § 1170.18, subd. (a).  Further undesignated statutory references are to the Penal Code.)

2

I.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In a June 2013 information, following Hallgren's waiver of the right to a preliminary hearing, the district attorney charged Hallgren with three felony counts based on incidents that occurred on April 3, 2013:  use of personal identifying information of another (§ 530.5, subd. (a); count 1); burglary of a Rite Aid drug store (§ 459; count 2); and burglary of an Albertsons grocery store (§ 459; count 3).  The information also alleged a prior strike based on a December 2007 conviction for robbery (§ 211).

In July 2013, pursuant to a negotiated agreement, Hallgren pleaded guilty to count 2 (§ 459, second degree burglary of the Rite Aid) and admitted the strike prior, in exchange for a stipulated state prison term and a dismissal of the remaining counts.  In his written plea signed under penalty of perjury, which he orally confirmed at the hearing, Hallgren set forth the following factual basis for the plea:  "I did enter a Rite Aid with the intent to commit a theft.  I do have a prior strike conviction from 2007."  After accepting Hallgren's plea, the court granted the People's motion to dismiss the remaining counts.

---

[2]     Sustaining Hallgren's objection to the People's submission of the probation report, police report and trial court orders in other cases, the court considered only the "record of conviction."  The People do not contend that ruling was erroneous.  Because we will consider on appeal only what was before the trial court when it ruled (*People v. Croft* (1955) 134 Cal.App.2d 800, 804), we have disregarded the statements in the People's brief in which the People relied on the probation report or the police report.  Although the court did not state what it considered the record of conviction, based on the discussion at the hearing, we understand the court considered only the June 2013 felony information, the July 2013 written change of plea form and the September 2013 abstract of judgment.

3

At an August 2013 hearing following his felony conviction, the court sentenced Hallgren to the agreed-upon 32 months in prison, calculated and applied credits, and imposed various fees, fines and assessments.  Both the written sentencing order and the abstract of judgment indicate that Hallgren was required to pay $59.66 in victim restitution to Rite Aid with a reservation of jurisdiction.[3]

On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act; and under the California Constitution (art. II, § 10, subd. (a)), it became effective the following day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  "Proposition 47 makes certain . . . theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*Rivera*, at p. 1091.)

In March 2015, Hallgren filed a form petition, requesting that his felony sentence be recalled and that he be resentenced to a misdemeanor.  (§ 1170.18, subds. (b) & (d).)  After the case was assigned to the original sentencing judge (*id.*, § 1170.18, subd. (*l*)), in April 2015 Hallgren supplemented his form petition with a more detailed memorandum, setting forth what he contended were the facts and the law.  In support, he submitted a

---

[3]     With regard to victim restitution *to Rite Aid*, the court orally ordered Hallgren to pay $59.66 *to Capital One*, while expressly reserving jurisdiction over potential further restitution.  After the court noted that the Rite Aid charges had been made on a credit card, the probation officer advised that the $59.66 due to Rite Aid "[w]as now being requested through Capital One."  For purposes of Hallgren's petition, however, there is no *evidence* of Capital One's relationship with Rite Aid or involvement with Hallgren's conviction.

4

copy of an unsigned, unfiled felony complaint in his case and a copy of the signed, filed change of plea in his case. He argued that if Proposition 47 had been in effect at the time of the burglary, he would have been guilty of a misdemeanor, not a felony, and requested the recall and resentencing on that basis.

The People filed written opposition, arguing in relevant part that Hallgren did not meet his burden of establishing eligibility for relief under Proposition 47. More specifically, as relevant to the determinative issue in this appeal, the People argued that Hallgren did not make a prima facie showing that the offense of which he was convicted involved a theft of property (1) valued at less than $950, and (2) from a commercial establishment during regular business hours. In support, the People submitted copies of a nine-page police report of all three offenses charged in the information, two six-page police follow-up reports, seven pages from the presentence probation report and trial court orders denying Proposition 47 relief in other cases.

Hallgren filed a reply in which he moved to strike the police reports, the probation report and the trial court orders, arguing in relevant part that the value of the stolen property was less than $950 based on the amount of victim restitution the court ordered paid to Rite Aid. In support, Hallgren submitted a copy of the written sentencing order that set forth $59.66 as the amount of victim restitution Hallgren was required to pay Rite Aid.

At the May 2015 hearing on Hallgren's petition, the court agreed not to consider the police reports, the probation report and the trial court orders in other cases that were submitted by the prosecution. After oral argument, the court denied the petition on the

5

basis that Hallgren did not meet his burden of establishing eligibility for relief under Proposition 47. Although the court did not state which of the requisite facts Hallgren failed to establish, at the hearing counsel and the court focused on whether there was evidence of the following two facts: that the burglary took place while Rite Aid was "open during regular business hours," or that the value of the property taken during the burglary "d[id] not exceed nine hundred fifty dollars ($950)" — both required for relief under Proposition 47. (§ 459.5, subd. (a).)

Hallgren timely appealed.

## II.

## DISCUSSION

In determining whether the trial court properly applied section 1170.18, subdivision (a), we must decide, first, who had the burden of establishing whether the burglary of the Rite Aid was during regular business hours and the value of the stolen property and, second, whether that party met the required burden. As we explain, the *initial* burden of establishing eligibility (which is all that is at issue in this appeal) was on Hallgren, who did not meet it.

A.      *Proposition 47*

In August 2013, Hallgren was convicted of second degree burglary in violation of section 459. In November 2014, Proposition 47 added section 459.5 (*Rivera*, *supra*, 233 Cal.App.4th at p. 1091.) Recently enacted section 459.5 altered the prior application of section 459 to burglaries by defining the crime of "shoplifting" and declaring it to be a misdemeanor, providing in part:

6

"(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny *while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).* Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor . . . .

(b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, italics added.)

(See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 5, p. 71.)

Proposition 47 also created a procedure whereby a person who is serving a felony sentence for an offense that became a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing under the applicable statute that was added or amended by Proposition 47. (§ 1170.18, subd. (a); *Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) Pursuant to this procedure, Hallgren applied to the trial court to recall his felony sentence for second degree burglary and to be resentenced under section 459.5, subdivision (a), as enacted by Proposition 47.

B.     *Standards on Appeal*

In interpreting a ballot initiative measure, we apply the same principles as we do in construing a statute enacted by the Legislature. (*People v. Arroyo* (2016) 62 Cal.4th 589, 593 (*Arroyo*) [Proposition 21, which "expanded prosecutorial authority to file charges against minors in adult court"].) We begin by considering the actual language of the initiative, giving its words their usual and ordinary meaning. (*Arroyo*, at p. 593.) We

7

construe the words of an initiative as a whole and within the overall statutory scheme to effectuate the voters' intent. (*Ibid.*) If the language is ambiguous, we look to other indicia of the intent of the electorate, including the analyses and arguments in the official ballot pamphlet. (*Ibid.*) We will not interpret ambiguities in initiative language in a defendant's favor if that interpretation would create an absurd result or be inconsistent with the voters' intent. (See *People v. Cruz* (1996) 13 Cal.4th 764, 782-783.)

Where an appeal involves only the interpretation of a statute enacted as part of a voter initiative, the issue on appeal is a legal one, which we review de novo. (*Arroyo*, *supra*, 62 Cal.4th at p. 593.) Where the trial court applies disputed facts to such a statute, we review the factual findings for substantial evidence and the application of those facts to the statute de novo. (*Hermosa Beach Stop Oil Coalition v. City of Hermosa Beach* (2001) 86 Cal.App.4th 534, 549.) " '[A]n order is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1046 (*Carpenter*).) In addition, we must " 'view the record in the light most favorable to the trial court's ruling.' " (*Ibid.*)

C.    *Analysis*

The first sentence of section 459.5, subdivision (a) defines "shoplifting" as "entering a commercial establishment with intent to commit larceny *while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)*." (Italics added.)

8

In support of his petition, Hallgren presented two documents related to this case: an unsigned, unfiled copy of the complaint (which appears to have become the information after a waiver of the preliminary hearing), and a copy of his filed change of plea. Neither of these documents contains any evidence of *either* whether the burglary took place during Rite Aid's "regular business hours" *or* whether the value of the stolen property was less than $950 — both requirements to establish the crime of shoplifting under section 459.5, subdivision (a). In response to the People's opposition to the petition (in which Hallgren was criticized for not having supplied this required evidence), Hallgren provided a copy of the sentencing order that required payment of $59.66 for victim restitution to Rite Aid and argued that the amount of restitution established the value of the stolen property.

At the time he filed his petition in March 2015, section 1170.18 had been effective for only four months, and subdivision (a) is silent as to who has the *initial* burden of establishing a petitioning defendant's eligibility for resentencing. (See fn. 1, *ante*.) Even by the end of May 2015, when the trial court ruled on Hallgren's petition, there were no appellate opinions to provide guidance on this issue.

Within the last year, however, at least four final appellate opinions have interpreted and applied section 1170.18, subdivision (a), holding that this burden is borne by the petitioning defendant. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*) ["a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing"]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444,

9

449-450 (*Rivas-Colon*) [same]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*) [same]; *People v. Bush* (2016) 245 Cal.App.4th 992, 1007 (*Bush*) [same].)

In his opening brief on appeal, Hallgren argues first that his record of conviction implies that the burglary occurred during regular business hours. Next, contrary to *Sherow* and *Rivas-Colon*, Hallgren does not mention a requirement that *he* present (and does not argue that he presented) an initial showing of eligibility for Proposition 47 relief in his petition.[4] Rather, he contends that, in response to his petition, the prosecution had the burden of establishing that he was ineligible for resentencing if the People believed his felony conviction did not qualify as a misdemeanor. We disagree. The People argue persuasively that Hallgren, as the petitioning defendant, had the initial burden of establishing eligibility for resentencing, including specifically making an initial showing that the burglary took place during regular business hours.[5] In his reply, Hallgren acknowledges the holdings in *Sherow*, *Rivas-Colon* and *Perkins*, repeating his argument that the court should have inferred from what was presented that the burglary took place during Rite Aid's regular business hours.

We reject Hallgren's arguments. As we explain, Hallgren had the initial burden of establishing eligibility for resentencing under Proposition 47, and he did not meet his burden here.

_____

4    Hallgren does not mention *Rivas-Colon*, and *Perkins* and *Bush* were decided after he filed his opening brief.

5    On appeal, the People do not discuss Hallgren's initial burden or showing as to the value of the stolen property.

1. *Hallgren Had the Initial Burden of Establishing Eligibility for Resentencing Under Proposition 47*

Hallgren first attempts to distinguish *Sherow* on the basis that the petitioning defendant in *Sherow* "offered no facts . . . to prove his eligibility for Proposition 47 relief," whereas here Hallgren "alleged in his petition and at the hearing that all elements were met."  We see no difference in the two cases.  In each, the petitioning defendant failed to present *evidence* of a necessary element under section 459.5, subdivision (a), and thus failed to establish Proposition 47 eligibility:  In *Sherow*, the defendant failed to offer evidence that the value of the property at issue did not exceed $950 (*Sherow*, *supra*, 239 Cal.App.4th at p. 877);[6] here, Hallgren failed to offer evidence that the burglary took place during Rite Aid's regular business hours.

Hallgren next suggests that (1) because Proposition 36 (§ 1170.126, subd. (b)) and Proposition 47 (§ 1170.18, subd. (a)) both decrease existing sentences and use similar language to define eligibility for resentencing without stating who has the initial burden of establishing eligibility for resentencing and (2) because Proposition 36 requires the prosecution to establish that a petitioning defendant is *ineligible* for resentencing, the same procedure should be employed under Proposition 47.  " 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or

---

6	As in the present case, in *Sherow* the defendant petitioned to have his felony conviction for second degree burglary (§ 459) recalled and to be resentenced accordingly under section 459.5, subdivision (a).  (*Sherow*, *supra*, 239 Cal.App.4th at p. 877.)  The only issue in *Sherow* was the lack of evidence that the petitioning defendant was eligible for relief under Proposition 47 — namely, evidence that the value of the stolen property did not exceed $950 for purposes of section 459.5, subdivision (a).  (*Sherow*, at p. 880.)

11

substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.)

We agree with Hallgren that the procedures employed under the two propositions — which include who has the burden at different stages — are similar. We disagree, however, with his suggestion that the prosecution has the burden of establishing that a petitioning defendant is ineligible for resentencing. Rather, under both Proposition 36 and Proposition 47, the petitioning defendant has the *initial* burden of establishing eligibility, and if that burden is met, the prosecution then has the opportunity to establish ineligibility on other grounds.

Under Proposition 36, a defendant who has two or more prior serious and/or violent felonies, known as "strikes," is no longer necessarily subject to an enhanced sentence on a conviction for a third strike offense, if the third conviction is not for a serious or violent felony. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327-1328 (*Bradford*).) In enacting section 1170.126 as part of Proposition 36, the voters did not intend to benefit all third strike offenders whose third strike was not for a serious or violent felony, but only those who were perceived as nondangerous or posing little or no risk to the public. (*People v. Arevalo* (2016) 244 Cal.App.4th 836, 846 (*Arevalo*).)

Under Proposition 36, a person serving an indeterminate term of life imprisonment imposed under section 667, subdivision(e)(2), or section 1170.12, subdivision (c), for a conviction of a felony that is not defined as serious and/or violent by section 667.5, subdivision (c), or section 1192.7, subdivision (c), may petition for resentencing.

12

(§ 1170.126, subds. (b), (e)(1).)  Thus, the Proposition 36 petitioning defendant has the *initial* burden of establishing eligibility — namely, the requisite conviction and sentence set forth in section 1170.126, subdivision (e).  (§ 1170.126, subd. (b).)  The prosecution then has the opportunity to oppose the petition by establishing that the petitioning defendant is *ineligible* on various grounds.[7]  (§ 1170.126, subd. (e)(2)-(3).)

Under Proposition 47, a person serving a sentence for a conviction of a felony "who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense" may petition for resentencing. (§ 1170.18, subd. (a).)  By this language, the voters did not intend to benefit all offenders serving a sentence for a felony theft (or drug) conviction, but only those "who would have been guilty of a misdemeanor" under the various statutes that were added or amended by Proposition 47.  As in Proposition 36, the Proposition 47 petitioning defendant has the *initial* burden of establishing eligibility — which, under Proposition 47, is "guilt[] of a misdemeanor."  (§ 1170.18, subd. (a).)  Also as in Proposition 36, the prosecution then has the opportunity to establish that the petitioning defendant is *ineligible* for resentencing.  This may be accomplished either (1) by rebutting the petitioning defendant's evidence, thereby demonstrating that the petitioning defendant would *not* have been guilty of a misdemeanor had Proposition 47 been in effect at the

---

7      In addition, the court may still deny relief to an otherwise eligible petitioning defendant if the court determines, based on evidence from any source, that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subds. (f) & (g)(1)-(3); *Arevalo*, *supra*, 244 Cal.App.4th at p. 852.)

13

time of the offense, or (2) by demonstrating that the petitioning defendant suffered a conviction of one or more of the offenses specified in section 1170.18, subdivision (i).[8]

In comparing Proposition 36 and Proposition 47, Hallgren further suggests that the party with the initial burden of establishing eligibility for resentencing under Proposition 47 is limited to evidence from the record of conviction.[9]  We disagree. Under Proposition 36, a petitioning defendant is limited to evidence contained in the record of conviction (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1327, 1332), because " 'the relevant inquiry in deciding whether a particular prior conviction qualifies as a serious felony for California sentencing purposes is limited to an examination of the record of the prior criminal proceeding *to determine the nature or basis of the crime of which the defendant was convicted* ' " (*People v. McGee* (2006) 38 Cal.4th 682, 691 [consideration whether a conviction from another jurisdiction is a "serious felony" under Three Strikes law, §§ 667, subd. (d)(2), 1170.12, subd. (b)(2)]).

---

[8]    Finally, the court may still deny relief to an otherwise eligible petitioning defendant if the court determines, based on evidence from any source, that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.18, subd. (b)(1)-(3).)
    This appeal (like *Sherow*, *Rivas-Colon*, *Perkins* and *Bush*) involves only the initial burden to establish *eligibility* for resentencing.  Accordingly, we express no view as to who has either the ultimate burden or the standard of proof for *entitlement* to resentencing.

[9]    The parties have not cited, and our own research has not disclosed, any authority that explicitly lists or describes the documents that comprise the record of conviction. That said, we are guided by our high court's explanation that a " 'record of conviction' " consists of documents in the record that reliably " 'reflect[] the facts of the offense for which the defendant was convicted' " and appears to be limited to proceedings at and before the adjudication of guilt, whether by plea or verdict.  (*People v. Trujillo* (2006) 40 Cal.4th 165, 177, 179 ["Three Strikes" law, § 667, subds. (b)-(i)].)

14

In contrast, under Proposition 47 the relevant inquiry on demonstrating eligibility is "guilt[] of a misdemeanor" (§ 1170.18, subd. (a)), which often cannot be established merely from the record of conviction of the felony. The reason for this is that, prior to Proposition 47, where a defendant was convicted of a felony, the facts necessary to establish that the petitioning defendant was guilty of a misdemeanor *enacted or amended by Proposition 47* likely would have been irrelevant in charging the defendant with a pre-Proposition 47 felony.[10] Thus, for this initial burden a petitioning defendant is entitled to present evidence of sufficient facts *from any source* to establish the requisite guilt of a misdemeanor. (*Perkins*, *supra*, 244 Cal.App.4th at p. 140 [any probative evidence]; *Sherow*, *supra*, 239 Cal.App.4th at p. 880.)

In summary, Hallgren had the initial burden of demonstrating eligibility for resentencing under Proposition 47 from any source of admissible evidence.

2. *Hallgren Did Not Meet His Initial Burden of Establishing Eligibility for Resentencing Under Proposition 47*

Hallgren suggests that the trial court had evidence before it from which it could have inferred that the offense occurred during normal business hours. Hallgren focuses on: (1) the information (in one of the counts, Hallgren was charged with the unauthorized use of personal identifying information of another (§ 530.5)); (2) the factual

___

10   In the case of second degree burglary, for example, the facts necessary — indeed, the only facts available — to establish that a petitioning defendant would have been guilty of a misdemeanor under Proposition 47 are: (1) that offense occurred at a time the establishment was open during regular business hours; and (2) that the value of the stolen property did not exceed $950. (§ 459.5, subd. (a).) Prior to Proposition 47, neither the commercial victim's regular business hours nor the value of the stolen property was at issue where the defendant was charged with second degree felony burglary. (§ 459.)

basis of his plea ("I did enter a Rite Aid with the intent to commit a theft."); and (3) an oral statement from the court at the sentencing hearing (with regard to restitution, "the Rite Aid charge [is] payable *to Capital One* at $59.66" (italics added)). From these three assertions, Hallgren contends the trial court should have inferred that Rite Aid was open for business at the time of the burglary. In this regard, Hallgren theorizes that because the factual basis of his plea includes the statement that he entered the Rite Aid for the purpose of theft, the use of a credit card to pay for goods necessarily implies that Rite Aid was open for business.

The problem with Hallgren's analysis is that the record does not contain any *evidence* to support the premise for the suggested inference — i.e., there is no *evidence* that a credit card was used to effect the theft. (See fn. 3 and related text, *ante*.) *Without evidence* of the premise (that the theft was by means of a credit card transaction), there is *no factual basis* for the conclusion to be inferred (that the theft occurred during normal business hours).

Even if we put aside the lack of evidence relating to the use of a credit card in the burglary, there is no requirement that a trier of fact infer facts from admissible evidence in a manner consistent with one party's position. Our role is even more limited; because we view the record in a light most favorable to the trial court's ruling (*Carpenter*, *supra*, 21 Cal.4th at p. 1046), " 'this court is without power to substitute its own inferences or deductions for those of the trier of fact, which must resolve such conflicting inferences in the absence of a rule of law specifying the inference to be drawn' " (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1243). In this latter regard, Hallgren has never

16

contended that, based on the evidence presented to the trial court (even assuming evidence of use of a credit card), a rule of law *required* the trial court to infer the theft took place during normal business hours. In short, the trial court's failure to infer facts the way Hallgren would have liked is not error.

Finally, Hallgren does not mention, let alone present argument or direct us to evidence in the record to support, a finding that the value of the stolen property did not exceed $950.

For these reasons, Hallgren did not meet his burden of establishing eligibility for Proposition 47 relief.

D.      *Affirmance Without Prejudice*

In *Perkins*, *supra*, 244 Cal.App.4th 129, our colleagues in Division Two affirmed the trial court's order denying the defendant's section 1170.18, subdivision (a) petition on the basis that the petitioning defendant did not meet his initial burden of providing evidence of his eligibility for Proposition 47 relief — there, evidence that the value of the property at issue did not exceed $950 — on his felony conviction for receiving stolen property under section 496, subdivision (a). (*Perkins*, at pp. 134-135, 137.) However, since Proposition 47 is silent as to burdens associated with petitioning for relief and since at the time the defendant filed his petition no appellate court had provided guidance to the trial courts or the litigants as to the burden of establishing eligibility, the affirmance was without prejudice to the defendant filing a new petition that offered *evidence* of his eligibility. (*Perkins*, at p. 142.)

17

*Perkins* was premised on our ruling in *Sherow*, *supra*, 239 Cal.App.4th 875, where we affirmed the order denying the defendant's section 1170.18, subdivision (a) petition on the basis that the petitioning defendant did not meet his burden of providing evidence of his eligibility for Proposition 47 relief "without prejudice to subsequent consideration of a properly filed petition." (*Sherow*, at p. 881.)

We agree with the reasoning in *Perkins* and the results reached in *Sherow* and *Perkins*. Accordingly, our affirmance of the order denying Hallgren's section 1170.18, subdivision (a) petition is without prejudice to the superior court's consideration of a subsequent petition that contains *evidence* of Hallgren's eligibility for relief. As suggested by the *Perkins* court, in any subsequent petition for resentencing, in attempting to show that he would have been guilty of a misdemeanor, Hallgren should consider "attach[ing] some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief."[11] (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.)

---

[11] The Attorney General argues at great length that Hallgren is not entitled to Proposition 47 relief under *any* potential evidentiary showing, because he cannot establish that the act underlying his burglary conviction qualifies as "shoplifting" under section 459.5, subdivision (a). Given our disposition of the appeal, we need not reach this issue; and we decline to speculate as to whether Hallgren will file, and if so what he may present in, a renewed petition to establish eligibility for Proposition 47 relief on his conviction for felony burglary. This opinion does not limit either the argument or evidence the People may submit in response to any subsequent petition Hallgren might file.

18

DISPOSITION

We affirm the May 29, 2015 order denying Hallgren's petition to recall the sentence on his felony conviction for burglary and to resentence him. This affirmance is without prejudice to the superior court's consideration of a subsequent petition by Hallgren that offers evidence of his eligibility for the requested relief.


IRION, J.

WE CONCUR:


McDONALD, Acting P. J.


AARON, J.


19